FILED

2013 JAN 15  PM 3:26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile:  (619) 236-9669
E-mail: vturner@wilsonturnerkosmo.com
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: rdixon@wilsonturnerkosmo.com

Attorneys for Defendant
HI-TECH PHARMACAL CO., INC.

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

ED CV 13 - 00097 JGB (OPx)

LINDA HOOVER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive,

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332(A), 1332(D), AND 1441 (DIVERSITY / CLASS ACTION)**

BY FAX

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant  Hi-Tech Pharmacal Co., Inc. ("Hi-Tech" or "Defendant"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. Sections 1441 and 1446. Federal jurisdiction exists under the federal diversity statute and the Class Action Fairness Act of 2005 ("CAFA"). (See 28 U.S.C. § 1332(a) and (d).)  Defendant sets forth in support of its Notice of Removal of Action the following:

-1-                                     Case No.
NOTICE OF REMOVAL

1.     On December 12, 2012, Plaintiff Linda Hoover ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Bernardino, on behalf of herself as well as on behalf of all other similarly situated individuals, entitled *Linda Hoover, et al. v. Hi-Tech Pharmacal Co., Inc., et al.*, Case No. CIVDS1212886 ("the Complaint"). A true and correct copy of the Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

2.     The Complaint contains three causes of action on behalf of a putative class of "[a]ll persons located within California who purchased Nasal Ease during the four years preceding the filing of this complaint through the date of trial in this action (the 'Class')." (Ex. A at ¶ 18.) These causes of action are as follows: (1) Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; (2) Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*; and (3) Unlawful, Fraudulent & Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.* (*Id.* at ¶¶ 26-54.) All of Plaintiff's causes of action are predicated upon her theory that Defendant's statements about the efficacy of Nasal Ease are allegedly false and misleading. (*Id.* at ¶ 1.)

3.     Plaintiff seeks restitution and injunctive relief, punitive damages, and all other available remedies, including compensatory damages, statutory damages, attorneys' fees, costs, pre-judgment interest, and post-judgment interest. (Ex. A at ¶¶ 31, 41, 42, 54, and Prayer for Relief; *see also* Civil Case Cover Sheet attached hereto as Exhibit B.)

4.     As explained below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 as Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) and (d).

**Defendant Has Satisfied The Procedural Requirements For Removal**

5.     On December 17, 2012, Plaintiff served Defendant's registered agent for service with the Summons and Complaint. (Ex. A.) The 30th day after such service is

January 16, 2013.  Thus, in accordance with 28 U.S.C. Section 1446(b), Defendant is filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint.

6.     No other defendants are currently named in this putative class action.  In addition, the unnamed Doe defendants need not join or consent to Defendant's Notice of Removal, as they have not yet been served.  (*Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendants not yet served in state court action need not join in the notice of removal).)  Furthermore, CAFA permits defendant to unilaterally remove the action where as here, CAFA's requirements are met.  (*See* 28 U.S.C. § 1453(b).)

7.     The San Bernardino Superior Court is located within the Central District of California, Eastern Division.  Thus, venue is proper in this Court because, as set forth in 28 U.S.C. § 84(c)(1), it is the "district and division embracing the place where such action is pending." (*See* 28 U.S.C. § 1441(a).)

8.     No previous application has been made for the relief requested herein.

9.     On January 14, 2013, Defendant Answered Plaintiff's Complaint and filed a Demand for Jury Trial.  A true and correct copy of Defendant's Answer and its Demand for Jury Trial are attached as Exhibit C to this notice.

10.    Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders served upon Defendant are attached hereto at Exhibit D.  No other process, pleadings, or orders have been filed, served, or received by Defendant in this case.

11.    In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and is being filed with the Clerk of the Superior Court of the State of California for the County of San Bernardino.

**This Court Has Subject Matter Jurisdiction Over This Action Pursuant to 28 U.S.C. §§ 1332(d) and 1441**

12.    This case is removable under the provisions of CAFA.  As set forth below, this is a putative class action in which: (1) there are 100 or more members in

the putative class (28 U.S.C. § 1332(d)(5)(B)); (2) a member of the putative class is a citizen of a state different from any defendant (*id.* at § 1332(d)(2)(A)); and (3) the aggregate amount in controversy exceeds $ 5 million, exclusive of interest and costs (*id.* at § 1332(d)(2)). Thus, this Court has subject matter jurisdiction over this action.

## The Proposed Plaintiff Class Is Greater Than 100 Members

13.   In the Complaint, Plaintiff purports to represent "all persons located within California who purchased Nasal Ease during the four years preceding the filing of this complaint through the date of trial in this action." (Ex. A at ¶¶ 1, 18.) Plaintiff herself allegedly purchased Nasal Ease in 2012. (*Id.* at ¶ 5.)

14.   Plaintiff alleges that the "total number of Class members is at least in the tens of thousands." (Ex. A at ¶ 20.) Since 2010, Defendant has sold approximately 18,083 units of Nasal Ease in California. (Declaration of Gary April ("April Decl.") at ¶ 10.) Currently, it is impossible for Defendant to determine the exact size of the proposed class because it does not know how many (if any) California consumers purchased multiple units of Nasal Ease.   Assuming that no California consumers purchased multiple units of Nasal Ease the size of the putative class is 18,083.  Even if each California consumer purchased 10 units of Nasal Ease, the approximate size of the putative class is 1,808.   Thus, the proposed putative class is greater than 100 members.

## Complete and Minimal Diversity of Citizenship Exists

15.   Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendant.   Minimal diversity also exists under 28 USC § 1332(d)(2)(A) between these parties.

16.   According to Plaintiff's venue affidavit–which is attached to her Complaint as Exhibit 1–Plaintiff is a "citizen of the State of California." (Ex A.) Plaintiff's Complaint also states that she is a California resident. (*Id.* at ¶ 5.) For diversity purposes, an individual is a "citizen" of the state where he or she is domiciled. (*See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).)

Plaintiff's residence is *prima facie* evidence that she is domiciled in California for purposes of diversity. (*See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).)   Moreover, Plaintiff claims that the putative class members are "located within California." (Ex. A at ¶ 18.)

17.   The Complaint also names Does 1-25. (*Id.* at ¶ 7.) But as explained above, these defendants' citizenship is disregarded for purposes of removal. (*See* 28 U.S.C. § 1441(a).)

18.   For diversity purposes, a corporation is deemed to be a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." (28 U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, NA.,* 557 F.3d 1026, 1028 (9th Cir. 2009).)

19.   Defendant at the time this action was commenced, was, and still is, a corporation organized and existing under and by virtue of the laws of the State of Delaware. (April Decl. at ¶ 4.) Defendant was not, and is not, incorporated under the laws of the State of California, wherein this action is brought. (*Id.*)

20.   The U.S. Supreme Court has held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. § 1332 (c)(l), refers to a corporation's "nerve center" or "the place where the  corporation's high level officers direct, control, and coordinate the corporation's activities." (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).) The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." (*Id.* at 1192.) Under the nerve center test, a corporation's principal place of business is located "in the state where the majority of its executive and administrative functions are performed." (*Davis*, 557 F.3d at 1028.)

21.   Defendant's headquarters are located in Amityville, New York. (April Decl. at ¶ 5.) Defendant's Amityville headquarters is home to virtually all of the Company's corporate functions, including human resources, payroll, benefits, legal, sales operations, and marketing. (*Id.* at ¶ 6.) Moreover, Hi-Tech does not operate any

1    distribution facility in California, nor does it have a corporate office or employees in
2    California. (*Id.* at ¶ 7; *see also* Ex. A at ¶ 6.)

3        22.    For purposes of diversity, Defendant is a citizen of the states of Delaware
4    (its state of incorporation) and New York (its principal place of business).   Thus,
5    complete diversity exists as to Plaintiff and Defendant because Plaintiff is a citizen of
6    California.   In addition, minimal diversity exists pursuant to CAFA because Plaintiff–
7    a member of the putative class–is a citizen of California and Defendant is a citizen of
8    Delaware and New York. (*See* 28 USC § 1332(d)(2)(A).)

9        23.    Plaintiff has not pled a specific amount of damages in the Complaint.
10   "[W]here it is unclear or ambiguous from the face of a state-court complaint whether
11   the requisite amount in controversy is pled," the courts "apply a preponderance of the
12   evidence standard." (*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.
13   2007; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.
14   1996).)   Under this standard, a defendant can establish the requisite amount in
15   controversy by providing evidence establishing that it is "more likely than not" that
16   the amount in controversy exceeds $5,000,000. (*Abrego Abrego v. Dow Chem. Co.*,
17   443 F.3d 676, 683 (9th Cir. 2006).)   As explained below, Defendant has established
18   this requirement.

19       24.    The amount in controversy is determined by the relief a plaintiff *seeks*,
20   not necessarily what he or she is either likely to, or ultimately does, obtain. (*Waller v.*
21   *Hewlett-Packard Co.*, No. 11a0454-LAB(RBB) 2011 U.S. Dist. LEXIS 50408 (S.D.
22   Cal. May 10, 2011).)   "In measuring the amount in controversy, a court must assume
23   that the allegations of the complaint are true and that a jury will return a verdict for the
24   plaintiff on all claims made in the complaint." (*Schiller v. David's Bridal, Inc.*, No.
25   140-cv-00616 AWI SKO 2010 U.S. Dist. LEXIS 81128, *6. (E.D. Cal. July 14,
26   2010).)   The relevant "inquiry is what amount is put 'in controversy' by the plaintiff's
27   complaint, not what a defendant will actually owe." (*Muniz v. Pilot Travel Ctrs. LLC*,
28   No. Civ. S-07-0325 FCD EFB 2007 U.S. Dist. LEXIS 31515, at *9-10 (E.D. Cal. Apr.

30, 2007).)   That $5 million "is at issue in this case does not mean that Plaintiff ultimately will be able to prove that the class is entitled to it." (*Giannini v. NW Mut. Life Ins. Co.*, No. C12-77CW 2012 U.S. Dist. LEXIS 60143, at *5-6 (N.D. Cal. Apr. 30, 2012); *see also Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").)

25.   CAFA "abrogates the rule against aggregating claims" to reach the threshold amount in controversy requirement.  (*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005); *see also* 14 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3704 (3d ed. 2010) ("[CAFA] provides for aggregation even if no individual class member asserts a claim that exceeds $75,000.").)   In fact "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." (S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) (internal citations omitted).)

26.   Plaintiff individually and on behalf of the putative class seeks punitive damages, compensatory damages, statutory damages, injunctive relief, reasonable attorneys' fees, litigation costs, and pre-and post-judgment interest. (Ex. A at ¶¶ 31, 41, 42, 54, and Prayer for Relief; *see also* Ex. B.)   While Defendant denies the validity of Plaintiff's individual and class action claims, Plaintiff clearly seeks to recover in excess of $5 million based on the allegations set forth in the Complaint and Civil Cover Sheet.

27.   Plaintiff asserts the putative class will be comprised of all California purchasers of Nasal Ease.  Nasal Ease was first sold by Defendant in the United States in 2010.  (April Decl. at ¶ 10.)   From that time through December 2012, Defendant sold 18,083 units of Nasal Ease to California retailers, with total retail sales approximating $184,586.00. (*Id.*)

28.   Plaintiff seeks "damages suffered by Plaintiff and Class members." (Ex. A at Prayer for Relief.)  In particular, she claims that she "and members of the Class relied" on the alleged false statements of efficacy but, had they known they were false "would not have paid as much, if at all, for Nasal Ease." (Ex. A at ¶¶ 2, 15; *see also id.* at ¶¶ 1, 16.)  Defendant has allegedly "wrongfully taken hundreds of thousands of dollars from California consumers." (*Id.* at ¶ 16.)  In seeking "compensatory damages," (*Id.* at ¶ 21(h)), Plaintiff clearly seeks a refund of the sales price of Nasal Ease, which, if awarded to the entire class would equal $184,586. (*Id.* at ¶ 21(h).)

29.   In addition to actual damages, Plaintiff also seeks restitution presumably in the form of a refund of the sales price of Nasal Ease. (Ex. A at ¶ 11.)

30.   In addition to a refund of the purchase price, Plaintiff no doubt seeks the $1,000 or $5,000 available to each putative class member (Cal. Civ. Code § 1780(a)(1) & (b)(1)) under Plaintiff's CLRA cause of action.[1]  As noted, the potential number of class members is 18,083. (April Decl. at ¶ 10.)  Based on a class this size, Plaintiff seeks statutory damages of $18,083,000 as to the CLRA claim alone.  Even if the class is comprised of just 1/10th of Defendant's estimate, or 1,808 individuals, the amount sought would equal $1,808,000.00.[2]

31.   In addition to compensatory and statutory damages, Plaintiff is seeking punitive damages, which are also considered part of the amount in controversy for diversity jurisdiction purposes. (*See* Ex. B; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).)  While she does not specify an amount of such damages, even assuming a one-to-one ratio between the aggregate of the compensatory and potential

---

[1] In the body of her Complaint, Plaintiff purports to disavow that she currently seeks damages.  (Ex. A at ¶ 32.)  However, this statement is countermanded and contradicted by her clear request for damages in her prayer for relief. (*Id.* at ¶ 11.)

[2] There is some difference in authority regarding whether this statutory award is made for each class member or a single award is made to the class as a whole. (*See Miller v. Bank of America, NT & SA*, 46 Cal. 4th 630, 637 (Cal. 2009) (awarding $1,000 to each class member) and *Delarosa v. Boiron, Inc.*, 275 F.R.D. 582, 593 (C.D. Cal. 2011) (holding single $1,000 recovery available to class as a whole.).)  Plaintiff will argue, however, that the available legislative history as well as the purpose of the statute clearly supports the former interpretation.

1  statutory damages–$18,267,586.00–and the potential punitive damages, Plaintiff is
2  seeking over $18 million in punitive damages.

3      32.    Moreover, if Plaintiff is successful on her CLRA claim, she will seek to
4  recover attorneys' fees. (*See* Cal. Civil Code § 1780(e).)  Courts have held that an
5  award of attorneys' fees, if such fees are specifically authorized by statute, may be
6  considered for purposes of calculating the amount in controversy. (*See, e.g., Brady v.*
7  *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) ("Where the
8  law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable
9  estimate of fees likely to be incurred to resolution is part of the benefit permissibly
10  sought by the plaintiff and thus contributes to the amount in controversy.").)

11      33.    "Courts recognize two methods for calculating attorney fees in civil class
12  actions: lodestar/multiplier method and the percentage of recovery method."
13  (*Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 254 (Cal. Ct. App. 2001).)
14  In determining fees pursuant to the first method, "the lodestar is calculated by
15  multiplying the reasonable hours expended by a reasonable hourly rate.  The court
16  may then enhance the lodestar with a multiplier, if appropriate." (*Id.*)  Where a
17  "common fund" is used to distribute damages and restitution, courts in this circuit
18  generally use "25% of the common fund as a benchmark award for attorney fees."
19  (*Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) (citing *Hanlon v. Chrysler*
20  *Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).)

21      34.    Assuming that the $37 million in damages that Plaintiff seeks is
22  disbursed through a common fund, and assuming that Plaintiff's attorneys are entitled
23  to 25% of this common fund, Plaintiff would likely argue an entitlement to
24  approximately $9.1 million in attorneys' fees.

25      35.    Plaintiff and the purported class also seek injunctive relief. (Ex. A at ¶¶
26  31, 42, 43, 54 and Prayer for Relief.)  Costs of compliance with an injunction are
27  relevant in ascertaining whether the amount in controversy is satisfied. (*See*
28  *Guglielmino v. McKee Food Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (removal is

1  proper under CAFA where defendants make a showing that the aggregate costs of

2  complying with the requested injunctive relief will likely exceed $5,000,000.00); *see*

3  *also Overton v. CVS Caremark Corp.*, No. SACV 12-0121-DOC (ANx) 2012 U.S.

4  Dist. LEXIS 57537, at *7-8 (C.D. Cal. Apr. 24, 2012); *Yeroushalmi v. Blockbuster*

5  *Inc.*, No. CV 05-2550 AHN (RCx) 2005 U.S. Dist. LEXIS 39331, at *12-13 (C.D.

6  Cal. July 11, 2005); *Tompkins v. Basic Research LLC*, No. CIV. S-08-244 LKK/DAD

7  2008 U.S. Dist. LEXIS 81411, at *15-16 (E.D. Cal. Apr. 22, 2008); *Rodgers v. Cent.*

8  *Locating Serv.*, 412 F. Supp. 2d 1171, 1179-1180 (W.D. Wash. 2006).).  Moreover,

9  according to the Report of the Senate Judiciary Committee on CAFA:

> [I]n assessing the jurisdictional amount in declaratory relief
> cases, the federal court should include in its assessment the
> value of all relief and benefits that would logically flow
> from the granting of the declaratory relief sought by
> claimants.  For example, a declaration that a defendant's
> conduct is unlawful or fraudulent will carry certain
> consequences, such as the need to cease and desist from that
> conduct, that will often "cost" the defendant in excess of
> $5,000,000.

15  (S. Rep. 109-14 at 43 (2005).)[3]  As such, a determination of the amount in controversy

16  must include not only the amount of damages Plaintiff is seeking, but also the costs of

17  complying with the injunctive relief sought.

18      36.     Pursuant to the CLRA, Plaintiff individually and on behalf of the

19  purported class seeks "an injunction ordering Defendant to cease and desist from

20  engaging in the unfair, unlawful, and fraudulent practices alleged in the Complaint."

21  (Ex. A at Prayer for Relief.)  In particular, Plaintiff wants Defendant to be ordered to

22  stop claiming that Nasal Ease "relieves 'sneezing,' 'sinus congestion,' and 'runny

23  nose.'"  (*Id.* at ¶ 1.)  Plaintiff also wants Defendant to be precluded from claiming

24  Nasal Ease (1) "'[h]elps relieve sinus congestion and hay fever allergy symptoms'";

25  (2) "[w]orks only in your nose where allergens *attack*'"; and (3) "'Nasal Ease helps to

26

---

27  [3] Indeed, the "Senate Judiciary Committee recommends that '[when] a federal court is uncertain about whether 'all
   matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $ 5,000,000,' the

28  court should err in favor of exercising jurisdiction over the case.'"  (*Yeroushalmi*, 2005 U.S. Dist. LEXIS 39331, at 17
   (quoting S. Rep. No. 109-14, at 42.).)

relieve your airborne allergy symptoms.'" (*Id*; *see also id.* at ¶ 17 (Plaintiff seeks "to enjoin the ongoing deception.")   In order to do so, Defendant would have to immediately cease selling Nasal Ease as currently labeled, packaged and marketed and engage in a complex recall process, the details of which are explained below.  In sum, the injunctive relief sought would require Defendant to cease selling 50,000 units of Nasal Ease nationwide, buy back these recalled units, dispose of the recalled units and the units currently in its inventory, publicize this voluntary recall, relabel the product, remarket the product, and finally distribute the redesigned product nationwide. (April Decl. at ¶¶ 12-17.)

37.   The costs to comply with such an order make it clear that the amount in controversy exceeds $5 million, and Plaintiff does not allege otherwise in the Complaint.  Indeed, according to a study released by the American Society for Quality in August 2003, each product recall costs an organization "more than $8 million on average in reimbursement to the customer, recall implementation costs, and compensatory damages.  This figure does not include lost sales and lost market share." (Quality Progress, Vol. 36, No. 8, August 2003, pp. 41-49 (*available at* http://asq.org/qic/display-item/index.html?item=19199).)

38.   As a preliminary matter, the injunctive relief sought would require a recall of all of Nasal Ease nationwide (not just in California), for which it would incur significant costs.  (April Decl. at ¶ 12.)  This is because Defendant provides Nasal Ease to national chains and online retailers; it would be unable to prevent those retailers from selling Nasal Ease in California as currently packaged.  (*Id.*)  Thus, Defendant would have to cease selling the product nationwide and redesign the Nasal Ease packaging to all markets.  (*Id.*)  Moreover, retailers have policies that preclude California specific labeling.  For example, Walgreens and CVS, Hi-Tech's primary customers, will only carry products uniformly labeled in their stores across the United States.  Since the distribution centers for Walgreens and CVS' service multiple states, they will not accept product specifically designated for California only, as it would

make the logistics of distribution extremely difficult. (*Id.*)  In addition, Hi-Tech does not have a distribution facility in California, and as such, it could not distribute Nasal Ease with a California-specific label from this facility to its California retailers in lieu of initiating a nationwide label change. (*Id.* at ¶ 7.)

39.    Defendant estimates there are currently approximately 50,000 units of Nasal Ease on store shelves throughout the United States, and of those 50,000, approximately 5,000 are in the possession of retailers in California. (*Id.* at ¶ 11.)  In order to recall these 50,000 units, Defendant will also have to refund or "buy back" each unit from the retailers.  Buying back the 50,000 units of Nasal Ease will cost Defendant $350,000.00.  (*Id.* at ¶ 13.)  Defendant will then incur approximately $24,000.00 for the handling and disposal of the product being removed from the shelves. (*Id.*)

40.    Defendant currently spends approximately $2 million annually to advertise Nasal Ease on television, internet, and print media. (*Id.* at ¶ 15.)  In order to market the redesigned product and ensure that its marketing complies with the injunction, Defendant expects to spend approximately $2 million on advertising costs. (*Id.*)

41.    In order to comply with the injunctive relief sought and cease making the challenged claims, Defendant would need to relabel the product.  This process would cost Defendants approximately $20,000.00 because Defendant would have to design and print new labels, and market the redesigned product. (*Id.* at ¶ 14.)

42.    Defendant further estimates that it will take between approximately 200 to 260 days to cease selling the product with the current claims, buyback existing product, dispose of the recalled product, relabel the product, market the redesigned product, and distribute the redesigned product.  (*Id.* at ¶ 16.).  During this time, Defendant will lose approximately $350,000.00 in sales.  These losses, however, do not include the unquantifiable amount for the loss of customer confidence that might result from such a recall.  (*Id.* at ¶ 17.).

43.     Thus, the total amount in controversy exceeds the jurisdictional requirement of $5,000,000.00, exclusive of interest and costs, as follows:

| | | |
|---|---|---|
| A. | Compensatory Damages / Restitution | $184,586.00 |
| B. | Statutory Damages | $18,083,000.00 |
| C. | Punitive Damages | $18,267,586.00 |
| D. | Attorney Fees | $9,133,793.00 |
| E. | Value of Injunctive Relief Sought | $2,744,000.00 |

- Handling & Disposal Costs    $24,000
- Buyback Costs    $350,000
- Lost Profits    $350,000
- Label & Packaging Changes    $20,000.00
- Advertising Costs    $2,000,000.00

**TOTAL:**    $48,412,965.00

**This Court Has Subject Matter Jurisdiction Over This Action Pursuant to 28 U.S.C. §§ 1332(a) and 1441 As The Amount in Controversy on Plaintiff's Own Claim Exceeds $75,000.00**

44.     Alternatively, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a), and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b) in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the action involves citizens of different States, and no defendant is a citizen of California. (*See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 566-67 (2005) (stating that where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional

1  amount.).)  As explained above, complete diversity exists here because Plaintiff is a
2  citizen of California and Defendant is a citizen of New York and Delaware.

3      45.    The matter in controversy exceeds $75,000.00 as to Plaintiff individually.
4  (*See, e.g., Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir.
5  1996); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (9th Cir. 1999).)

6      46.    Plaintiff does not allege that damages are less than $75,000.00.
7  Nonetheless, Plaintiff filed this action as an "unlimited civil action," acknowledging
8  that the "[a]mount demanded exceeds $25,000." (Ex. B.).  Thus, Plaintiff concedes
9  that the Complaint seeks, at a minimum, $25,000.00.

10     47.    As explained above, Plaintiff's claims are for compensatory damages,
11 statutory damages, punitive damages, attorneys' fees and injunctive relief. (Ex. A at
12 ¶¶ 31, 41, 42, 54, and Prayer for Relief; Ex. B.)  As for compensatory and statutory
13 damages, Plaintiff seeks the sum of (1) the cost of Nasal Ease as actual damages,
14 which she alleges cost $11.99 per unit (Ex. A at ¶ 16), and (2) the $1,000 or $5,000 in
15 statutory damages (depending upon her age).  As such, the minimum recovery of
16 compensatory and statutory damages would equal $ 1,011.99 as to the CLRA claim
17 alone.

18     48.    Plaintiff also prays for attorneys' fees, which would be considered in
19 ascertaining the amount at issue in this case. (Ex. A at Prayer for Relief.) "[W]here
20 an underlying statute authorizes an award of attorneys' fees, either with mandatory or
21 discretionary language, such fees may be included in the amount in controversy" in a
22 class action. (*Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1000 (9th
23 Cir. 2007).)  The CLRA authorizes the recovery of attorneys' fees if Plaintiff succeeds
24 on that claim. (*See* Cal. Civ. Code § 1780(e).)

25     49.    Fees in CLRA cases similar to the instant case equate to millions of
26 dollars.  Because this case will involve extensive class certification-related discovery
27 and briefing, as well as dispositive motion briefing and hearings before trial, statutory
28 attorney's fees demands put the amount in controversy well-over $75,000.00. (*See,*

-14-                 Case No.
NOTICE OF REMOVAL

*e.g., Guglielmino v. McKee Food Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *see also Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).)  Plaintiff would stand to recover the entire sum of attorneys' fees should class certification be successful.

50.   Defendant anticipates that Plaintiff's attorney's fees in this case will more likely than not exceed $46,850.00 through the resolution of this case.  (*See e.g., Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp. 2d 1004, 1010 (N.D. Cal. 2002 (including "a reasonable estimate of attorneys' fees likely to be expended" in calculating the amount in controversy); *see also Simmons v. PCR Tech.*, 2009 F. Supp. 2d 1029, 1034-35 ("[T]he measure of fees should be the amount that can reasonably be anticipated at the time of removal").)  This estimate is based upon 50 hours of work per Plaintiff's counsel at a reasonable hourly rate derived from the Laffey Matrix– Scott Ferrell, $625.00 and Ryan Ferrell, $312.00–which takes into account Plaintiff's counsel's experience (Scott Ferrell, 13th year attorney licensed in June 1998 and Ryan Ferrell, 4th year attorney licensed in December 2008).  (*See e.g., IO Group, Inc. v. Jordan*, No. C09-0884 MEJ 2010 U.S. Dist. Lexis 61722 (N.D. Cal. June 1, 2010) (assessing reasonableness of attorney fee award based upon the Laffey Matrix identifying prevailing billing rates according to experience); *In re HPL Techs., Inc., Secs. Litig.*, 366 F. Supp. 2d 912 (N.D. Cal. 2005) (adopting Laffey matrix as an established objective source of rates that vary by experience); *see also* Laffey Matrix (available at http://www.laffeymatrix.com/see.html).)  Accordingly, assuming Scott Ferrell works 50 hours on this matter at $625.00 an hour and Ryan Ferrell works 50 hours on this matter at $312.00 an hour, they would be entitled to approximately $31,250.00 and $15,600.00, respectively; taken together their attorneys' fees would be approximately $46,850.00.

51.   Alternatively, Plaintiff's counsel's reasonable hourly rate could be based on that awarded in the recent Final Order Approving Class Action Settlement in an Eastern District of California case.  (*Gong-Chun v. Aetna Inc.*, No. 1:09-cv-01995-

SKO, 2012 U.S. Dist. LEXIS 96828, at *63 (E.D. Cal. July 11, 2012) (order approving class action settlement, granting motion for attorneys' fees and costs, and granting motion for class representative enhancement awards).) In *Gong-Chun*, the court found that, based on her experience, Class Counsel Miriam Schimmel (16th year attorney licensed in December 1996) was entitled to a reasonable hourly rate of $655.00. The court also found that Associate Robin Hall (3rd year attorney licensed in July 2009) was entitled to a reasonable hourly rate of $300.00.

52.     Plaintiff also seeks uncapped punitive damages, which are relevant in ascertaining the amount in controversy for diversity jurisdiction purposes. (*See* Ex. B; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).) Plaintiff has not placed any caps or limits on any of these items of possible recovery. (*See* Ex. B.) These demands confirm that the amount in controversy well exceeds $75,000.00. Assuming a one-to-one ratio between Plaintiff's acknowledged minimum amount demanded of $25,000.00 and the potential punitive damages, the punitive damage award could equal $25,000.00.

53.     As discussed above, Plaintiff seeks an injunction on behalf of herself and the purported class. Where injunctive relief is at issue, "the pecuniary result to either party which the judgment would directly produce" is relevant in determining whether the jurisdictional amount is satisfied. (*In re Ford Motor Co./Citibank (S.D.), NA.*, 264 F.3d 952, 958 (9th Cir. 2001).) As explained in detail above, the injunctive relief sought would require Defendant to recall Nasal Ease nationwide, buy back the recalled units, dispose of the recalled units and the units currently in its inventory, communicate this voluntary recall, relabel the product, remarket the product, and finally distribute the redesigned product nationwide. (April Decl. at ¶¶ 12-17.) If Defendant is enjoined from selling Nasal Ease in California in its current packaging, the cost of compliance would be $2,748,000.00. (*Id.*) Thus, based on the injunctive relief alone the $75,000.00 amount in controversy requirement is easily established.

54.    Moreover, given that Plaintiff may also seek an incentive payment as the named plaintiff in this action, which routinely amounts to thousands of dollars, that payment coupled with Plaintiff's share of the potential recovery on the various causes of actions alleged further satisfies the jurisdictional amount.  (*See, e.g., In re Mega Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000); *see also In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving $2,000 incentive awards to five named plaintiffs out of a class potentially numbering more than 4 million in a settlement of $3 million); *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F.Supp. 525, 535 (E.D. Pa. 1990) (approving $5,000.00 awards for one named representative of each of nine plaintiff classes involving more than 22,000 claimants in a settlement of $22 million).)  Assuming Plaintiff prevails on her claims, she will likely seek, at a minimum, a $5,000.00 incentive award.

55.    Removal is proper pursuant to 28 U.S.C. Sections 1332(a) and 1441, as complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as follows:

| | | | |
|---|---|---|---|
| A. | Actual Damages / Restitution | | $11.99 |
| B. | Statutory Damages | | $1,000.00 |
| C. | Attorney Fees | | $46,850.00 |
| D. | Punitive Damages | | $25,000.00 |
| E. | Value of Injunctive Sought | | $2,744,000.00 |
| | • Handling & Disposal Costs | $24,000.00 | |
| | • Buyback Costs | $350,000.00 | |
| | • Lost Profits | $350,000.00 | |
| | • Label & Packaging Changes | $20,000.00 | |
| | • Advertising Costs | $2,000,000.00 | |
| F. | Incentive Payment | | $5,000.00 |
| | | TOTAL: | $2,821,861.99 |

-17-                    Case No.

NOTICE OF REMOVAL

1   WHEREFORE, Defendant respectfully removes this action from the Superior

2   Court of the State of California for the County of San Bernardino to this Court.

3

4   Dated:    January 15, 2013                **WILSON TURNER KOSMO LLP**

5

6                                            By: _____

7                                            Vickie E. Turner
                                             Meryl C. Maneker
8                                            Robert K. Dixon
                                             Attorneys for Defendant
9                                            HI-TECH PHARMACAL CO., INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

FIRST LEGAL SUPPORT     (951)779-0100     00/00/2012.

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and
DOES 1-25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA HOOVER, individually, and on behalf of all others similarly
situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 1 2 2012

BY _____
COURTNE DOUGHERT, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* San Bernardino Superior Court | *(Número de Caso):* CIVDS1212886 |

303 W. Third Street
San Bernardino, CA 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Newport Trial Group, 895 Dove Street, Suite 425, Newport Beach, CA 92660

| DATE: *(Fecha)* DEC 1 2 2012 | Clerk, by *(Secretario)* **COURTNE DOUGHERTY** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* Hi-Tech Pharmacal Co., Inc, an entity of unknown origin

under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FIRST LEGAL SUPPORT        (951)779-0100        00/00/2012   COPY

1  NEWPORT TRIAL GROUP
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@trialnewport.com
3  Ryan M. Ferrell, Bar No. 258037
   rferrell@trialnewport.com
4  895 Dove Street, Suite 425
   Newport Beach, CA 92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
7  Attorneys for Plaintiff and the Class

```
                                           F I L E D
                                    SUPERIOR COURT OF CALIFORNIA
                                       COUNTY OF SAN BERNARDINO
                                     SAN BERNARDINO CIVIL DIVISION

                                           DEC 1 2 2012

                                    BY_____
                                      COURTNE DOUGHERTY, DEPUTY
```

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN BERNARDINO

10  LINDA HOOVER, individually, and on behalf of   | Case No.:  CIVDS1212886
    all others similarly situated,
11
                 Plaintiff,                         | CLASS ACTION COMPLAINT
12
           vs.                                      | JURY TRIAL DEMANDED
13
    HI-TECH PHARMACAL CO., INC., an entity of
14  unknown origin; and DOES 1-25, Inclusive,
15               Defendants.
16

17        Plaintiff Linda Hoover ("Plaintiff"), individually and on behalf of all others similarly situated,

18  alleges the following on information and belief:

19                          I.    INTRODUCTION

20        1.    Hi-Tech Pharmacal Co., Inc. ("Defendant") manufactures, markets, and sells "Nasal

21  Ease" ("Nasal Ease") "Allergy Reliever."   Defendant claims that Nasal Ease relieves "sneezing",

22  "sinus congestion", and "runny nose." Defendant further claims that Nasal Ease: "Helps relieve sinus

23  congestion and hay fever allergy symptoms"; "Works only in your nose where allergens attack"; and

24  "Nasal Ease helps to relieve your airborne allergy symptoms."  In reality, Nasal Ease's ingredient has

25  never been scientifically substantiated as being able to treat allergies or the symptoms of allergies.

26  Defendant's statements about Nasal Ease's efficacy are false and misleading, and though Defendant

27  claims that Nasal Ease works, Defendant can point to no scientific evidence to support its unfounded

28  claims.

                                    - 1 -
                              CLASS ACTION COMPLAINT

1    2.    Defendant's misrepresentations, as detailed herein, regarding the efficacy of the Nasal

2  Ease were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to

3  believe that the Nasal Ease was effective for treating allergies and allergy symptoms.   Plaintiff and

4  members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at

5  all, for Nasal Ease but for Defendant's misrepresentations.

6    3.    Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of

7  California consumers by Defendant, and to recover the money taken by this unlawful practice.

8                            II.    THE PARTIES

9  **A.    Plaintiff.**

10    5.    Plaintiff is a resident of San Bernardino County, California and purchased Nasal Ease

11  earlier this year in San Bernardino.   Plaintiff relied on Defendant's representations regarding the

12  efficacy of Nasal Ease, as detailed herein, and but for those representations, Plaintiff would not have

13  purchased or paid as much for Nasal Ease.

14  **B.    Defendants.**

15    6.    Upon such information and belief, Defendant Hi-Tech Pharmacal Co., Inc. is a

16  Delaware corporation with its principal place of business in Amityville, New York.   Defendant

17  develops and markets Nasal Ease and does business in California.

18    7.    The true names and capacities, whether individual, corporate, associate, representative,

19  alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1 through 25

20  inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such fictitious

21  names pursuant to California Code of Civil Procedure § 474.   Plaintiff will amend this Complaint to

22  allege the true names and capacities of DOES 1 through 25 when the same have been ascertained.

23  Plaintiff is further informed and believes, and based thereon allege, that DOES 1 through 25 were

24  and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings,

25  and damages hereinafter set forth below.

26                    III.    JURISDICTION AND VENUE

27    8.    This Court has jurisdiction over all causes of action asserted herein.

28

- 2 -

1       9.    Venue is proper in this Court because Plaintiff purchased the product in this County and

2   because Defendant has received substantial compensation from sales in this County.  Specifically,

3   Defendant knowingly engages in activities directed at consumers in this County, and Defendant

4   obtains substantial benefits from their scheme perpetrated in this County.  Plaintiff has filed

5   concurrently herewith the declaration of venue required by Civil Code Section 1780(d) and is attached

6   hereto as Exhibit One.

7       10.    Defendant and other out-of-state participants can be brought before this Court pursuant

8   to California's "long-arm" jurisdictional statute.

9                                   IV.    **FACTS**

10       11.    Defendant manufactures, markets, and sells Nasal Ease as an "Allergy Reliever" that

11   relieves "sneezing", "sinus congestion", and "runny nose."  Defendant further claims that Nasal Ease

12   "Helps relieve sinus congestion and hay fever allergy symptoms", "Works only in your nose where

13   allergens attack", and "Nasal Ease helps to relieve your airborne allergy symptoms." *See* Exhibit

14   Two.

15       12.    Defendant further claims the Nasal Ease is a "homeopathic" treatment.  Homeopathy is

16   a medical system rejected by virtually all physicians educated in United States medical schools.

17   Regarding homeopathy, the U.S. Food and Drug Administration has stated, "FDA is not aware of

18   scientific evidence to support homeopathy as effective."

19       13.    Nasal Ease's "active ingredient" is diluted between 3X and 30C HPUS which, if true, is

20   beyond a mere micro-dosage of the ingredient. To give an idea of the magnitude of the dilution, a 30C

21   dilution               gives               one               part               ingredient               to

22   1,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,

23   000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000   parts   of   the   solution.

24   Dilutions to this extent leave the solution with no trace of the original ingredient.  This is fortuitous to

25   unsuspecting consumers since the "active" ingredient in Nasal Ease would be toxic if present in an

26   appreciable amount.  The ingredient in the Nasal Ease, Kali Bichromicum Powder or Potasium

27   Dichromate, is known to cause chromium dermatitis, a disease of the skin.  Further, Potassium

28   Dichromate is highly toxic; concentrations as low as 14 mg/kg have shown a 50% fatality rate.

1   Potassium Dichromate has not been shown to treat or cure allergies or the symptoms of allergies.

2       14.    Even if one assumes the micro-dosages of the "active" ingredient are prevalent enough

3   in Nasal Ease to have some sort of effect and presence, the ingredient listed by Defendant has not been

4   scientifically substantiated as being able to treat or cure allergies or the symptoms of allergies.

5       15.    Defendant's exaggerated and/or blatant misrepresentations regarding the efficacy of

6   Nasal Ease were designed to, and did, lead Plaintiff and others similarly situated (collectively the

7   "Class") to believe that Nasal Ease was effective at treating and curing allergies and symptoms of

8   allergies. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not

9   have paid as much, if at all, for Nasal Ease but for Defendant's misrepresentations.

10       16.    Defendant sells Nasal Ease for approximately $11.99 based on the preceding false

11   advertising claims. As a result, Defendant has wrongfully taken hundreds of thousands of dollars from

12   California consumers.

13       17.    Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands

14   of California consumers by Defendant, and to recover the funds taken by this unlawful practice.

15                 V.     **CLASS ACTION ALLEGATIONS**

16       18.    Plaintiff brings this class action for damages and other monetary relief on behalf of the

17   following class:

18             All persons located within California who purchased Nasal Ease during

19             the four years preceding the filing of this complaint through the date of

20             trial in this action (the "Class").

21       19.    Excluded from the Class are governmental entities, Defendant, any entity in which

22   Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal

23   representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals

24   bound by any prior settlement involving Nasal Ease. Also excluded from the Class is any judge,

25   justice, or judicial officer presiding over this matter and the members of their immediate families and

26   judicial staff.

27       20.    The proposed Class is so numerous that individual joinder of all its members is

28   impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that

1   the total number of Class members is at least in the tens of thousands and members of the Class are

2   numerous and geographically dispersed across California. While the exact number and identities of

3   the Class members are unknown at this time, such information can be ascertained through appropriate

4   investigation and discovery. The disposition of the claims of the Class members in a single class

5   action will provide substantial benefits to all parties and to the Court.

6        21.    There is a well-defined community of interest in the questions of law and fact involved

7   affecting the plaintiff class and these common questions predominate over any questions that may

8   affect individual Class members. Common questions of fact and law include, but are not limited to,

9   the following:

10          a.    Whether Defendant's efficacy claims are accurate;

11          b.    Whether Defendant's efficacy claims are properly substantiated;

12          c.    Whether Defendant has falsely represented that Nasal Ease have uses and

13               benefits which it does not have;

14          d.    Whether Defendant knew that its efficacy claims were false;

15          e.    Whether Defendant's conduct constitutes a violation of the Consumers Legal

16               Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

17          f.    Whether Defendant's conduct constitutes a violation of California's false

18               advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

19          g.    Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent

20               business practice in violation of California's unfair competition law (Cal. Bus.

21               & Prof. Code §§ 17200, et seq.);

22          h.    Whether Plaintiff and Class members are entitled to compensatory damages,

23               and if so, the nature of such damages;

24          i.    Whether Plaintiff and Class members are entitled to restitutionary relief; and

25          j.    Whether Plaintiff and Class members are entitled to injunctive relief.

26       22.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all

27  members of the Class have been similarly affected by Defendant's common course of conduct since

28

- 5 -

1   they all relied on Defendant's representations concerning Nasal Ease and purchased it based on those

2   representations.

3       23.    Plaintiff will fairly and adequately represent and protect the interests of the Class.

4   Plaintiff has retained counsel with substantial experience in handling complex class action litigation.

5   Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class

6   and have the financial resources to do so.  Plaintiff has retained a law firm who is widely recognized as

7   one of the most successful and effective class action litigators in California, and whose victories have

8   been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper.  The

9   firm has also been certified as lead class counsel in similar class actions.

10      24.    Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a

11  result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available

12  methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all

13  members of the class is impracticable.  Even if individual class members had the resources to pursue

14  individual litigation, it would be unduly burdensome to the courts in which the individual litigation

15  would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system

16  of resolving the controversies engendered by Defendant's common course of conduct.  The class

17  action device allows a single court to provide the benefits of unitary adjudication, judicial economy,

18  and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this

19  action as a class action conserves the resources of the parties and of the judicial system and protects

20  the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible

21  mechanism that allows an opportunity for legal redress and justice.

22      25.    Adjudication of individual class members' claims with respect to Defendant would, as a

23  practical matter, be dispositive of the interests of other members not parties to the adjudication, and

24  could substantially impair or impede the ability of other class members to protect their interests.

25

26

27

28

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

#### (CAL. CIV. CODE §§ 1750, ET SEQ.)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

26.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

27.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased Nasal Ease in reliance on Defendant's marketing claims with respect to efficacy.  Plaintiff used Nasal Ease as directed, but it did not work as advertised and was not of the quality and standard advertised by Defendant.

28.     Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, et seq. (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the efficacy of Nasal Ease.  These business practices are misleading and/or likely to mislead consumers and should be enjoined.

29.     Defendant has engaged in deceptive acts or practices intended to result in the sale of Nasal Ease in violation of Civil Code § 1770.  Defendant knew and/or should have known that its representations of fact concerning the efficacy of Nasal Ease were material and likely to mislead the public.  Defendant affirmatively misrepresented that Nasal Ease was of a certain standard and quality with certain benefits which it does not have.

30.     Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions:  (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or

-7-

1   profits, including but not limited to, money. Therefore, Defendant has been unjustly enriched.

2        31.    There is no other adequate remedy at law, and Plaintiff and Class members will suffer

3   irreparable harm unless Defendant's conduct is enjoined.

4        32.    Concurrently herewith, Plaintiff's counsel mailed to Defendant, by certified mail,

5   return receipt requested, the written notice required by Civil Code Section 1782(a) on December 12,

6   2012. A copy of this letter is attached hereto as Exhibit Three. Should Defendant fail to respond

7   within thirty days, Plaintiff will amend to seek damages under the California Consumer Legal

8   Remedies Act.

9        33.    The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit

10  One.

11       34.    Defendant's wrongful business practices constituted, and constitute, a continuing

12  course of conduct in violation of the Consumer Legal Remedies Act since Defendant is still

13  representing that its Nasal Ease has characteristics, uses, benefits, and abilities which are false and

14  misleading, and have injured Plaintiff and the Class.

15                    **SECOND CAUSE OF ACTION**

16         **VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

17            **(CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

18         **(By Plaintiff and on Behalf of the Class Against Defendant)**

19       35.    Plaintiff incorporates by this reference the allegations contained in the paragraphs

20  above as if fully set forth herein.

21       36.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury

22  in fact and has lost money as a result of Defendant's actions as set forth herein. Specifically, Plaintiff

23  purchased Nasal Ease in reliance on Defendant's marketing claims. Plaintiff used Nasal Ease as

24  directed, but it did not work as advertised and did not provide any of the promised benefits.

25       37.    Defendant has engaged in false advertising as they have disseminated false and/or

26  misleading representations about Nasal Ease.

27       38.    Defendant knew or should have known by exercising reasonable care that its

28  representations were false and/or misleading. During the Class Period, Defendant engaged in false

1   advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its

2   advertising and marketing of Nasal Ease to Plaintiff, Class members, and the consuming public that its

3   Nasal Ease is effective.

4       39.   Each of the aforementioned representations alleged in this Complaint was false and

5   misleading because Nasal Ease is not of the standard, quality or grade advertised, and is in reality,

6   ineffective.

7       40.   By disseminating and publishing these statements in connection with the sale of Nasal

8   Ease, Defendant has engaged in and continues to engage in false advertising in violation of Bus. &

9   Prof. Code §§ 17500, *et seq.*

10       41.   As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant

11   has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant

12   has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution

13   and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500,

14   *et seq.*

15       42.   Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of

16   Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

17       43.   Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful

18   practices, as alleged herein, in the future.  There is no other adequate remedy at law and if an

19   injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

20   **THIRD CAUSE OF ACTION**

21   **UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

22   **(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

23   **(By Plaintiff and on Behalf of the Class Against Defendant)**

24       44.   Plaintiff incorporates by this reference the allegations contained in the paragraphs

25   above as if fully set forth herein.

26       45.   Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury

27   in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff

28   purchased Nasal Ease in reliance on Defendant's marketing claims.  Plaintiff used Nasal Ease as

-9-

1  directed, but it did not work as advertised and was not of the standard, quality and grade advertised.

2      46.    Defendant's actions as alleged in this Complaint constitute an unfair or deceptive
3  business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*,
4  in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made
5  unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within
6  the meaning of California Business and Professions Code §§ 17200, *et seq.*

7      47.    Defendant knew or should have known by exercising reasonable care that its
8  representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair,
9  unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*,
10  by misrepresenting in its advertising and marketing of Nasal Ease to Plaintiff, Class members, and the
11  consuming public that, Nasal Ease was effective.

12      48.    Each of the aforementioned representations alleged in this Complaint was false and
13  misleading because Nasal Ease is not of the standard, quality or grade advertised.

14      49.    Defendant's business practices, as alleged herein, are unfair because they offend
15  established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially
16  injurious to consumers in that consumers are misled by the claims made with respect to Nasal Ease as
17  set forth herein.

18      50.    Defendant's business practices, as alleged herein, are unlawful because they violate the
19  Consumer Legal Remedies Act and False Advertising Law.

20      51.    Defendant's business practices, as alleged herein, are fraudulent because they are likely
21  to, and did, deceive customers—including Plaintiff and members of the Class—into believing that
22  Nasal Ease has characteristics and benefits it does not have.

23      52.    Defendant's wrongful business practices constituted, and constitute, a continuing
24  course of conduct of unfair competition since Defendant is marketing and selling Nasal Ease in a
25  manner likely to deceive the public.

26      53.    As a direct and proximate result of Defendant's wrongful business practices in
27  violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have
28  suffered economic injury by losing money as a result of purchasing Nasal Ease.  Plaintiff and

- 10 -

1  members of the Class would not have purchased or would have paid less for Nasal Ease had they

2  known that they was not as represented.

3      54.    Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an

4  order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive

5  business practices and any other act prohibited by law, including those set forth in the Complaint.

6  Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys

7  they wrongfully obtained from Plaintiff and the Class.

8                          **PRAYER FOR RELIEF**

9      WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or

10  judgment against Defendant, and each of them as named in the future, as follows:

11      1.    For an order certifying the Class, appointing Plaintiff and her counsel to represent the

12  Class, and notice to the Class to be paid by Defendant;

13      2.    For damages suffered by Plaintiff and Class members;

14      3.    For restitution to Plaintiff and Class members of all monies wrongfully obtained by

15  Defendant;

16      4.    For an injunction ordering Defendant to cease and desist from engaging in the unfair,

17  unlawful, and/or fraudulent practices alleged in the Complaint;

18      5.    For both pre-judgment and post-judgment interest at the maximum allowable rate on

19  any amounts awarded;

20      6.    For Plaintiff's costs of the proceedings herein;

21      7.    For reasonable attorneys' fees as allowed by statute; and

22      8.    For any and all such other and further relief that this Court may deem just and proper.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

- 11 -

Exhibit A - 31

1

## DEMAND FOR JURY TRIAL

2       Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this

3   lawsuit.

4

5   Dated:  December 12, 2012

6                                   NEWPORT TRIAL GROUP
                                A Professional Corporation

7

8                            By:_____

9                                Ryan M. Ferrell
                             Attorney for Plaintiff and the Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A - 32

# Exhibit 1

I, Linda Hoover, declare as follows:

1.     I am a Plaintiff in this action, and am a citizen of the State of California.  I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2.     The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that San Bernardino County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Linda Hoover

- 1 -

# Exhibit 2



# Exhibit 3



**NEWPORT**
T R I A L · G R O U P
*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

December 11, 2012

### BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Hi-Tech Pharmacal Co., Inc.
369 Bayview Avenue
Amityville, New York 11701

Attn: Chief Executive Officer

*Re:   Violations of California Consumer Protection Laws and Breach of Warranty*

Dear Madame or Sir:

I am writing on behalf of Linda Hoover, as well as a class of similarly situated persons, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

You market and sell a product known as "Nasal Ease." You market it as a remedy for allergies.

In reality, Nasal Ease has no medical effect. Further, the "active" ingredient in Nasal Ease is toxic and would be dangerous to your consumers if it were present in an appreciable level.

We believe that your marketing, advertising, and distribution of Nasal Ease violates the California Consumer Legal Remedies Act by falsely representing that the product has characteristics, uses and benefits which it does not have. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of Nasal Ease constitutes: (1) breach of express warranty; (2) breach of implied warranty of fitness for a particular

L I T I G A T I O N

Exhibit A - 38

December 11, 2012
Page 2

purpose; (3) negligent misrepresentation; (4) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (5) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of Nasal Ease and provide all consumers who have purchased the product with a full refund.

Given that our primary goal is to enjoin the false advertising claims, we will agree to take no further action in this matter if you will agree to conform your conduct to the requirements and prohibitions of the California Consumer Legal Remedies Act.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Ryan M. Ferrell

LITIGATION

# EXHIBIT B

FIRST LEGAL SUPPORT     (951)779-0100     00/00/2012

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ryan M Ferrell, Bar No. 258037<br>NEWPORT TRIAL GROUP<br>895 Dove Street, Suite 425<br>Newport Beach, CA 92660<br>TELEPHONE NO: 949/706-6464       FAX NO: 949/706-6469<br>ATTORNEY FOR (Name): Plaintiff and the Class | FOR COURT USE ONLY<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>DEC 1 2 2012<br><br>BY _____<br>COURTNE DOUGHERTY, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 W Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District Civil Division

CASE NAME:
Hoover v Hi-Tech Pharmacal Co., Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CIVDS1212886 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[✓] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): three
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 12, 2012
Ryan M. Ferrell
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit B - 41

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit B - 42

# EXHIBIT C

Exhibit C - 43

WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
HI-TECH PHARMACAL CO., INC.



F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 1 4 2013

By: _Mandia Beja_
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

LINDA HOOVER, individually, and on behalf
of all others similarly situated,

　　　　　　Plaintiff,

　　v.

HI-TECH PHARMACAL CO., INC., an entity
of unknown origin; and DOES 1-25, Inclusive,

　　　　　　Defendant.

Case No. CIVDS1212886

DEFENDANT HI-TECH
PHARMACAL CO., INC.'S ANSWER
TO PLAINTIFF'S UNVERIFIED
COMPLAINT

Complaint Filed: December 12, 2012

Dept:　　　S37
Judge:　　Hon. Bryan F. Foster
Trial Date: Not Set

　　　　Defendant HI-TECH PHARMACAL CO., INC. ("Defendant"), answers the unverified

Complaint of Plaintiff Linda Hoover ("Plaintiff" or "Hoover") on file herein as follows:

GENERAL DENIAL

　　　　1.　　Defendant answers the unverified Complaint on file herein pursuant to California

Code of Civil Procedure section 431.30(d) by denying, generally and specifically, each, every and all

of the allegations contained in the unverified Complaint and each and every part thereof, including

each and every cause of action purportedly contained therein, and deny that Plaintiff has or will

sustain any damage in the sum or sums referred to therein, or in any other sum or sums, or at all.

　　　　2.　　Defendant further answers the unverified Complaint on file herein and each and every

purported cause of action contained therein by denying that Plaintiff Linda Hoover ("Plaintiff") has

1
DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit C - 44

1  sustained, or will sustain, any damages in any sum at all by reason of the carelessness, negligence or

2  other fault, act or omission on the part of the answering Defendant, its agents, servants or employees.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

3.     The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted and/or fails to state facts sufficient to constitute a cause of action against this Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Plaintiff Lacks Standing)

4.     Plaintiff lacks standing to assert the claims and causes of action set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Privity)

5.     The claims and causes of action set forth in the Complaint fail in whole or in part due to a lack of privity between the Plaintiff and Defendant.

### FOURTH AFFIRMATIVE DEFENSE

#### (Conduct Authorized By Law)

6.     The claims and causes of action set forth in the Compliant are barred because Defendant is legally permitted to conduct the activities complained of in the Complaint pursuant to a comprehensive federal regulatory scheme, which governs Defendant's actions.

### FIFTH AFFIRMATIVE DEFENSE

#### (Preemption)

7.     Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because defendant's product is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* ("FDCA"), and FDA regulations, and the FDA Compliance Policy Guide, and plaintiff's claims

2

DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit C - 45

1    are expressly preempted by 21 U.S.C. §379r, impliedly preempted, and/or in conflict with the

2    FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and

3    objectives of the FDCA and FDA's implementing regulations, and with the specific determinations

4    by FDA specifying the language that should or should not be used in the labeling accompanying the

5    drug.

6                          **SIXTH AFFIRMATIVE DEFENSE**

7                              **(Primary Jurisdiction)**

8        8.    Plaintiff's claims may be barred, in whole or in part, under the doctrine of primary

9    jurisdiction, in that the pertinent conduct of defendant and all its activities with respect to the subject

10   product have been and are conducted under the supervision of the FDA.

11                        **SEVENTH AFFIRMATIVE DEFENSE**

12                              **(No Proper Class)**

13       9.    Plaintiff's Complaint fails to state facts sufficient to certify a class action pursuant to

14   Federal Rule of Civil Procedure 23 in that there is no ascertainable class, no community of interest

15   among those whom Plaintiff purports to represent, Plaintiff's claims are not typical of the class she

16   purports to represent, common questions of law and/or fact do not predominate, Plaintiff is not an

17   adequate representative of the putative class, and because a class action is not the superior method

18   for adjudicating this dispute, and accordingly, this action is not properly brought as a class action.

19                          **EIGHTH AFFIRMATIVE DEFENSE**

20                                **(No Injury)**

21       10.    The Complaint fails to state a cause of action under California Business and

22   Professionals Code sections 17200, *et seq.* and 17500, *et seq.* because Plaintiff suffered no injury in

23   fact or direct harm as a result of the alleged acts.

24                          **NINTH AFFIRMATIVE DEFENSE**

25                        **(Defendant's Constitutional Rights)**

26       11.    Plaintiff's claim under California Business & Professions Code section 17200 et. seq.

27   violates Defendant's constitutional rights under both the United States and California constitutions,

28   including but not limited to the due process clauses set forth in both constitutions.

_____3_____
DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit C - 46

### TENTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Unlawful")

12.   One or more claims in the Complaint are barred because Defendant's conduct was not "unlawful."

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Unfair")

13.   One or more of the claims in the Complaint fails because Defendant's conduct was not "unfair."

### TWELFTH AFFIRMATIVE DEFENSE

#### (Conduct Not "Likely to Mislead")

14.   One or more claims in the Complaint are barred because Defendant's conduct was not "likely to mislead."

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

15.   Each and every of Plaintiff's allegations are barred because Defendant's alleged conduct was not unfair and was undertaken in good faith.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Conduct Did Not Violate California Consumer Legal Remedies Act)

16.   One or more claims in the Complaint is barred because Defendant's conduct did not violate the California Consumers Legal Remedies Act, California Civil Code § 1750, *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Provide Proper Notice)

17.   The allegations and claims in Plaintiff's Complaint are barred because Plaintiff failed to provide timely and/or adequate notice to Defendant as required by Section 1782 of the California Civil Code.

///

///

///

DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Exhibit C - 47

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Punitive Damages)**

18.     The allegations and claims in Plaintiff's Complaint are devoid of facts sufficient to establish a cause of action against Defendant for punitive or exemplary damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

19.     Regarding all of Plaintiff's causes of action, imposition of punitive damages would violate Defendant's due process and equal protection rights under the California and United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Conduct Not "Malicious")**

20.     No act or omission of defendant was malicious, willful, or reckless and, therefore, any award of punitive damages is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Punitive Damage Are Subject to Limitations)**

21.     With respect to plaintiff's demand for punitive damages, defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that are set forth in *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

### TWENTIETH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

22.     The allegations and claims in Plaintiff's Complaint are barred by the statute of limitations, including but not limited to, California Civil Code Section 1783, California Business and Professions Code Section 17208, and California Code of Civil Procedure Section 338(h).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Insufficient Process)**

23.     Defendant was not properly served.

5

Exhibit C - 48

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

24.     Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available.   Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, the answering Defendant prays:

1.     That Plaintiff takes nothing by the Complaint;

2.     For costs of suit;

3.     For such attorney's fees as may be allowed by law; and

4.     For such other and further relief as the court deems just and proper.


Dated:     January 14, 2013              WILSON TURNER KOSMO LLP

                                         By: _____
                                             Vickie E. Turner
                                             Meryl C. Maneker
                                             Robert K. Dixon
                                             Attorneys for Defendant
                                             HI-TECH PHARMACAL CO., INC.

Exhibit C - 49

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO

JAN 1 4 2013

By _____
Deputy

WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
HI-TECH PHARMACAL CO., INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LINDA HOOVER, individually, and on behalf of all others similarly situated, | Case No. CIVDS1212886 |
| Plaintiff, | DECLARATION OF SERVICE |
| v. | Complaint Filed: December 12, 2012 |
| HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive, | Dept: S37<br>Judge: Hon. Bryan F. Foster<br>Trial Date: Not Set |
| Defendant. | |

I, the undersigned, declare as follows:

I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is 550 West C Street, Suite 1050, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

On January 14, 2013, I served the following documents, bearing the titles:

**DEFENDANT HI-TECH PHARMACAL CO., INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

[X]    by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

1

DECLARATION OF SERVICE

Exhibit C - 50

1  Scott J. Ferrell
   Ryan M. Ferrell
2  Newport Trial Group
   895 Dove Street, Ste. 425
3  Newport Beach, CA  92660
   (949) 706-6464
4  Fax (949) 706-6469
   (Attorneys for Plaintiff)

5

6  [X]  (By **MAIL SERVICE**) I placed such envelopes for collection and mailing on this date
        following ordinary business practices.

7

8  [ ]  (By **PERSONAL SERVICE**) I delivered such envelope by hand to the office of the
        addressee.

9  [ ]  (By **FACSIMILE**) I transmitted the documents by facsimile machine, pursuant to California
        Rules of Court, Rule 2006.  The facsimile machine I used complied with Rule 2003 and no
10      error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a
        transmission record of the transmission, a copy of which is attached to this declaration.

11

12 [ ]  (By **OVERNIGHT DELIVERY – NEXT DAY DELIVERY**) I enclosed the documents in
        an envelope or package provided by an overnight delivery carrier and addressed to the
        persons at the addresses listed above.  I placed the envelope or package for collection and
13      overnight delivery at an office or a regularly utilized drop box of the overnight delivery
        carrier.

14

15 [X]  (State) I declare under penalty of perjury under the laws of the State of California that the
        foregoing is true and correct.

16 [ ]  (Federal) I declare that I am employed by the office of a member of the bar of this court at
        whose direction the service was made.

17

   Executed on January 14, 2013 at San Diego, California.

18

19                                    SUSAN LANTER

20

21

22

23

24

25

26

27

28

                                            2
                              DECLARATION OF SERVICE

Exhibit C - 51

WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
HI-TECH PHARMACAL CO., INC.

FILED
SUPERIOR COURT
COUNTY OF SAN
SAN BERNARDINO

JAN 1 4 2013

By _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LINDA HOOVER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive,<br><br>Defendants. | Case No. CIVDS1212886<br><br>DEFENDANT HI-TECH PHARMACAL CO., INC.'S DEMAND FOR JURY TRIAL<br><br>Complaint Filed: December 12, 2012<br><br>Dept: S37<br>Judge: Hon. Bryan F. Foster<br>Trial Date: Not Set |

Defendant HI-TECH PHARMACAL CO., INC., by and through its attorneys of record, hereby demands a trial by jury of any and all issues triable of right by a jury in the above-captioned case.

Dated:    January 14, 2013                  WILSON TURNER KOSMO LLP

By:    _____
       Vickie E. Turner
       Meryl C. Maneker
       Robert K. Dixon
       Attorneys for Defendant
       HI-TECH PHARMACAL CO., INC.

1
DEFENDANT HI-TECH PHARMACAL CO., INC.'S DEMAND FOR JURY TRIAL

Exhibit C - 52

WILSON TURNER KOSMO LLP
VICKIE E. TURNER (106431)
MERYL C. MANEKER (188342)
ROBERT K. DIXON (262252)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

Attorneys for Defendant
HI-TECH PHARMACAL CO., INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LINDA HOOVER, individually, and on behalf of all others similarly situated, | Case No. CIVDS1212886 |
| Plaintiff, | **DECLARATION OF SERVICE** |
| v. | Complaint Filed: December 12, 2012 |
| HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive, | Dept: S37<br>Judge: Hon. Bryan F. Foster<br>Trial Date: Not Set |
| Defendant. | |

I, the undersigned, declare as follows:

I am employed with the law firm of WILSON TURNER KOSMO LLP, whose address is 550 West C Street, Suite 1050, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

On January 14, 2013, I served the following documents, bearing the titles:

**DEFENDANT HI-TECH PHARMACAL CO., INC.'S DEMAND FOR JURY TRIAL**

[X]   by placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

---

1

DECLARATION OF SERVICE

Exhibit C - 53

1   Scott J. Ferrell
2   Ryan M. Ferrell
    Newport Trial Group
    895 Dove Street, Ste. 425
3   Newport Beach, CA  92660
    (949) 706-6464
4   Fax (949) 706-6469
    (Attorneys for Plaintiff)
5

6   [X]   (By **MAIL SERVICE**) I placed such envelopes for collection and mailing on this date
        following ordinary business practices.
7

8   [ ]   (By **PERSONAL SERVICE**) I delivered such envelope by hand to the office of the
        addressee.

9   [ ]   (By **FACSIMILE**) I transmitted the documents by facsimile machine, pursuant to California
        Rules of Court, Rule 2006.  The facsimile machine I used complied with Rule 2003 and no
10      error was reported by the machine.  Pursuant to Rule 2006, I caused the machine to print a
        transmission record of the transmission, a copy of which is attached to this declaration.
11

12  [ ]   (By **OVERNIGHT DELIVERY – NEXT DAY DELIVERY**) I enclosed the documents in
        an envelope or package provided by an overnight delivery carrier and addressed to the
        persons at the addresses listed above.  I placed the envelope or package for collection and
13      overnight delivery at an office or a regularly utilized drop box of the overnight delivery
        carrier.
14

15  [X]   (State) I declare under penalty of perjury under the laws of the State of California that the
        foregoing is true and correct.

16  [ ]   (Federal) I declare that I am employed by the office of a member of the bar of this court at
        whose direction the service was made.
17

18      Executed on January 14, 2013 at San Diego, California.

19      _Susan Lanter_
        SUSAN LANTER
20

21

22

23

24

25

26

27

28

                        2
                DECLARATION OF SERVICE

Exhibit C - 54

# EXHIBIT D

FIRST LEGAL SUPPORT    (951)779-0100    00/00/2012

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

LINDA HOOVER

Case No. CIVDS1212886

vs.

CERTIFICATE OF ASSIGNMENT

HI-TECH PHARMACAL CO., INC.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other _____ | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| County of San Bernardino | | 439 East Rialto AVenue |
|---|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | | ADDRESS |
| San Bernardino | California | 92408 |
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

December 12, 2012                    at    Newport Beach                              , California

Signature of Attorney/Party

13-15503-360 Rev. 10/84

Exhibit D - 56

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION
303 WEST THIRD STREET
SAN BERNARDINO, CA 92415-0210

CASE NO: CIVDS1212886

http://www.sb-court.org
IN RE: (COMPLEX) HOOVER -V- HI-TECH PHARMACAL

NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES
NOTICE OF OSC:SERVICE OF SUMMONS AND COMPLAINT
NOTICE OF CASE MANAGEMENT CONFERENCE

TO THE DEFENDANT/PARTY SERVED: The dates below DO NOT increase the
time you have to respond to the Complaint filed against you. The time
for your response is stated on the "Summons".

PLAINTIFF PLEASE TAKE NOTICE:This case has been assigned to:
BRYAN F FOSTER
FOR ALL PURPOSES;that the above-entitled case has been set for an
Order to Show Cause(OSC) why the case should not be dismissed for
failure to serve the Summons and Complaint; and a Case Management
Conference (CMC). A COPY OF THIS NOTICE MUST BE SERVED ON ALL
DEFENDANTS
The OSC:SERVICE OF SUMMONS AND COMPLAINT is set for 03/15/13 at
8:30 in department S37
If "Proof of Service" of the Summons and Complaint has been filed 10
court days prior to the hearing, no appearance is required and the
hearing will be vacated.

The Case Management Conference is set for 06/14/13 at  8:30 in
Department S37
File your CMC Statement with the court 15 calendar days prior to the
hearing. Failure to appear may result in monetary sanctions and/or
dismissal of your case. The advance jury fees of $150 per party is NON
REFUNDABLE and must be deposited on or before the date scheduled for
the CMC. (CCP631)

Stephen H. Nash, Clerk of the Court
Date: 12/12/12                              By: COURTNE DOUGHERTY
CERTIFICATE OF SERVICE
I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice by:
( ) Enclosed in an envelope mailed to the interested party addressed
above, for collection and mailing this date, following ordinary
business practice.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(√) A copy of this notice was given to the filing party at the
counter.
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

DATE OF MAILING: 12/12/12
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 12/12/12 at San Bernardino, CA By: COURTNE DOUGHE
notice: NCMCT1 action: cmc



*You Don't Have to Sue*

*Here Are Some Other Ways To Resolve a Civil Dispute*

Presented by the
Judicial Council of California
And the
State Bar of California

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- ADR can be more satisfying.  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute.  Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved.  The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses.  Mediation normally leads to better relations between the parties and to resolutions that hold up.  For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Page 2

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## • ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## • CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Exhibit D - 61

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

### Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.



**Superior Court of California**
**County of San Bernardino**

# CONTRACTED MEDIATION SERVICE PROVIDERS

The following mediation service providers are under contract with the County of Bernardino to provide the listed alternate dispute resolution (ADR) services under refer the Court at no or low cost. The contractors may also provide additional mediation serv outside of their contracts with the County.

*Landlord-tenant, Unlawful Detainer, Small Claims:*

**Inland Fair Housing and Mediation Board**
Program Director: Lynne Anderson, Executive Director
City Center Building
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
TEL (909) 984-2254, or (800) 321-0911
FAX (909) 460-0274
WEB www.inmedbd.com

*Civil & Family Law (except custody and support):*

**Inland Valleys Justice Center**
Program Director: Kym Adams, Executive Director
1710A Plum Ln
Redlands, CA 92374
TEL (909) 798-7117
TOLL FREE (877) 832-9325
FAX (877) 839-1926
WEB www.ivjc.org
EMAIL info@ivjc.org

Exhibit D - 63

## Accommodations For Persons With Disabilities Using Court Facilities

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.00 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the Request for Accommodations by Persons with Disabilities (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html These tools convert PDF documents into either HTML or ASCII text that can be read by many screen-reading programs.

For further information and forms:

**Jurors:** Please contact the Jury Services Office at (909) 884-1858.

**Others:** Please contact the court's ADA Coordinator at sprentiss@sb-courts.org

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with Ada issues, refer to the courts intranet site www.sb-court.org

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 708-8745.

Request for Accommodation Instruction Sheet (Non Fillable Form and Rule of Court 1)
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ADA-Persons-With-Disabilities-MC410QA.pdf

Request for Accommodation Form Fillable Version (MC-410)
http://www.courts.ca.gov/documents/mc410.pdf

Q&A on Rule of Court 1.100
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/Requestsforaccommodationsbypersonswithdisabilities.pdf
Access and Fairness Advisory Flyer
http://www.sb-court.org/Portals/0/Documents/PDF/ADA/ProvidingDisabilityAccommodations.pdf

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 97 JGB (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ]  **Western Division**
     **312 N. Spring St., Rm. G-8**
     **Los Angeles, CA 90012**

[ ]  **Southern Division**
     **411 West Fourth St., Rm. 1-053**
     **Santa Ana, CA 92701-4516**

[X]  **Eastern Division**
     **3470 Twelfth St., Rm. 134**
     **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LINDA HOOVER, individually, and on behalf of all others similarly situated,

**DEFENDANTS**
HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

NEWPORT TRIAL GROUP
SCOTT J. FERRELL & RYAN M. FERRELL
895 Dove St., Suite 425, Newport Beach, CA; Telephone (949) 706-6464

Attorneys (If Known)

WILSON TURNER KOSMO LLP
VICKIE E. TURNER, MERYL C. MANEKER, & ROBERT K. DIXON
550 West C Street, Suite 1050, San Diego, California 92101
Telephone: (619) 236-9600

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332(a) and (d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 13 - 00097 JGB (OPx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    JAN 15 2013                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Suffolk County, New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date January 15, 2013

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |