NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Ryan M. Ferrell, Bar No. 258037
rferrell@trialnewport.com
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA HOOVER, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>HI-TECH PHARMACAL CO., INC., an entity of unknown origin; and DOES 1-25, Inclusive,<br><br>              Defendants. | Case No.: 5:13-cv-00097-JGB-OP<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>**(Declarations of Ryan M. Ferrell, Scott J. Ferrell, and Linda Hoover; [Proposed] Order filed concurrently herewith)**<br><br>Date:       March 24, 2014<br>Time:       9:00 a.m.<br>Crtrm.:      1 |

## TO THE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on March 24, 2014, at 9:00 a.m. or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Jesus G. Bernal, United States District Court, Central District of California, Plaintiff Linda Hoover ("Plaintiff") will and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), for an Order approving and awarding attorneys' fees, costs, and an incentive award. By this motion, Plaintiff seeks:

- $243,305.20 in attorneys' fees;

- $6,694.80 in litigation costs; and

- A $2,500 incentive award for Plaintiff, Linda Hoover.

This motion is made on the grounds that: (1) the attorneys' fees sought are fair and reasonable in light of the efforts of Class Counsel in obtaining the settlement herein; (2) the requested attorneys' fees comport with the applicable law; (3) the expenses for which reimbursement is sought were reasonably and necessarily incurred in connection with the prosecution of this action; and (4) a reasonable payment to Plaintiff for her efforts on behalf of the class members is warranted and appropriate.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Class Counsel, the pleadings and records on file herein, and upon such additional evidence or argument as may be accepted by the Court at or prior to the hearing.

Respectfully submitted,

Dated: January 13, 2014                NEWPORT TRIAL GROUP
                                       A Professional Corporation

                                       By:./s/Ryan M. Ferrell
                                          Ryan M. Ferrell
                                          Attorney for Plaintiff and the Class

# **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................1

II. FACTUAL AND PROCEDURAL HISTORY ...................................2

III. CLASS COUNSEL'S LODESTAR IS REASONABLE AND JUSTIFIED ...........3

   A. California Law Controls Plaintiff's Fee Request ............................3

   B. California Law Requires the Court to Apply the Lodestar Method to Calculate Plaintiff's Reasonable Attorneys' Fees ...............................4

   C. Class Counsel Incurred a Reasonable Lodestar in Order to Successfully Prosecute This Case on Behalf of the Class Members.........................5

      1. Class Counsel's Lodestar Is Reasonable and Compensable ..................5

      2. Class Counsel's Hourly Rates Are Reasonable .................................7

IV. THE ATTORNEYS' FEES REQUESTED ARE REASONABLE .......................8

   A. The Fee Requested Is Supported by the Complexity of This Case .......................9

   B. Class Counsel Handled the Difficult Issues Presented in This Litigation with Tremendous Skill and Expertise.................................10

   C. The Attorneys' Fee Award Is Reasonable in Light of the Contingent Risks in This Case................................................................10

   D. The Fee Requested Is Justified by the Results Obtained by Class Counsel.........10

V. CLASS COUNSEL SHOULD BE REIMBURSED THEIR COSTS .....................12

VI. THE COURT SHOULD AWARD AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE .................................................................13

VII. CONCLUSION................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alberto v. GMRI, Inc.,*
  No. 07-CV- 1895, 2008 WL 2561106 (E.D. Cal. June 24, 2008) .....................13

*Bank of America v. Micheletti Family Partnership,*
  No. C 08–2902 JSW, 2009 WL 1110830 (N.D. Cal. Feb. 26, 2009) ...................3

*In re Bluetooth Headset Prods. Liability Litig.,*
  654 F.3d 935 (9th Cir. 2011) ...................................................................4, 8, 11

*In re Businessland Sec. Litig.,*
  No. 09-CV-20476, 1991 WL 427887 (N.D. Cal. June 14, 1991) .......................12

*Chalmers v. City of Los Angeles,*
  796 F.2d 1205 (9th Cir. 1986) ..............................................................................7

*Delarosa v. Boiron,*
  Case No. 10-cv-1569-CBO, 2012 WL 8716658 (C.D. Cal., Dec. 28, 2012) .....12

*Delarosa v. Boiron,*
  Case No. 10-cv-1569-CBO (CWx) (C.D. Cal. 2010) ............................ 7, 10, 12

*Delarosa v. Boiron, Inc.,*
  275 F.R.D. 582 (C.D. Cal. 2011) .........................................................................9

*Delarosa v. Boiron, Inc.,*
  818 F.Supp.2d 1177 (C.D. Cal. 2011) .................................................................9

*Hopson v. Hanesbrands, Inc.,*
  No. 08–CV– 0844–EDL, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ..............13

*Kona Enter., Inc. v. Estate of Bernice Pauahi Bishop,*
  229 F.3d 877 (9th Cir. 2000) ................................................................................3

*Mills v. Electric Auto-Lite Co.,*
  396 U.S. 375 (1970) ............................................................................................12

*Neal v, Naturalcare, Inc.,*
  Case No. 12-cv-531-DOC(OPx) (C.D. Cal. 2012) ..............................................7

# <u>TABLE OF AUTHORITIES (CONTINUED)</u>

<u>Page(s)</u>

*Rodriguez v. West Publishing Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................13

*In re SmithKline BeckmanCorp.*,
    751 F.Supp. 525 (E.D. Pa. 1990) ...............................................................13

*Vizcaino v. Microsoft*,
    290 F.3d 1043 (9th Cir. 2002) .......................................................................3

*In re Warner Comm's Sec. Litig.*,
    618 F.Supp. 735 (S.D.N.Y. 1985) ..............................................................10

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) .........................................................................5

*Webb v. Board of Edu.*,
    471 U.S. 234 (1985).......................................................................................6

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) .........................................................................9

**State Cases**

*Acuna v. Hylands, Inc.*,
    Case No. CIVDS 1110816 (San Bernardino Superior Court)..........................7

*Children's Hosp. & Med. Ctr. v. Bunt*,
    97 Cal.App.4th 740 (2002) ............................................................................7

*City of Oakland v. Oakland Raiders*,
    203 Cal.App.3d 78 (1988) .....................................................................4, 7, 8

*The People ex rel. Dep't. of Transp. v. Yuki*,
    31 Cal.App.4th 1754 (1995) ..........................................................................8

*Dunk v. Ford Motor Co.*,
    48 Cal.App.4th 1794 (1996) ..........................................................................4

*Ketchum v. Moses*,
    24 Cal.4th 1122 (2001) ....................................................................4, 5, 8, 10

## <u>TABLE OF AUTHORITIES (CONTINUED)</u>

<u>Page(s)</u>

*Krumme v. Mercury Ins. Co.*,
  123 Cal.App.4th 924 (2004) ...............................................................11

*Lealao v. Beneficial California, Inc.*,
  82 Cal.App.4th 19 (2000) ...................................................................11

*Penich v. Historical Remedies, LP*,
  Case No. LC 096608 (Los Angeles Superior Court) ...........................8

*Sandoval v. Hylands, Inc.*,
  Case No. CIVDS 1201442 (San Bernardino Superior Court) .............7

*Serrano v. Priest*,
  20 Cal.3d 25 (1977) ........................................................................4, 8

*Stokus v. Marsh*,
  217 Cal.App.3d 647 (1990) .................................................................6

*In re Sutter Health Uninsured Pricing Cases*,
  171 Cal.App.4th 495 (2009) ................................................................6

*Vo v. Las Virgines Mun. Water Dist.*,
  79 Cal.App.4th 440 (2000) ...............................................................4, 5

*Weeks v. Baker & McKenzie*,
  63 Cal.App.4th 1128 (1998) ................................................................5

*Wershba v. Apple Computer, Inc.*,
  91 Cal.App.4th 224 (2001) ..................................................................6

**Federal Statutes**

FDCA .........................................................................................................9

**State Statutes**

Cal. Civ. Code §§ 1770 *et seq.* ..................................................................1

Civil Code § 1782(d) ..................................................................................2

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ..................................................1

## <u>TABLE OF AUTHORITIES (CONTINUED)</u>

**<u>Page(s)</u>**

Cal. Bus. & Prof. Code §§ 17500 *et seq.* ....................................................................1

**Rules**

Local Rule 23-3 ..........................................................................................................3

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

**I.    INTRODUCTION**

Defendant Hi-Tech Pharmacal Co., Inc. ("Hi-Tech") is the manufacturer and distributor of a homeopathic, over-the-counter drug called Nasal Ease ("Nasal Ease"). First Amended Complaint ("FAC") ¶ 1.  Nasal Ease is labeled and advertised as a homeopathic drug intended to be used to treat allergy symptoms.  *Id*.  On December 12, 2012, Plaintiff Linda Hoover ("Plaintiff") filed this class action lawsuit against Hi-Tech, alleging that it falsely advertised the ability of Nasal Ease to relieve allergy symptoms.  Plaintiff brought causes of action on behalf of herself and a putative class of purchasers of Nasal Ease for: (1) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1770 *et seq.* ("CLRA"); and (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") and False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL").

After extensive negotiation, the Parties reached the Settlement Agreement. Exhibit 1 to Declaration of Ryan M. Ferrell ("R. Ferrell Decl.").

The Court granted preliminary approval of the Settlement Agreement on September 27, 2013. (Dkt. 17). Pursuant to the Settlement Agreement, and by way of this motion, Plaintiff now requests that the Court approve her application for attorneys' fees and costs, and an incentive award. Plaintiff seeks $250,000 in attorneys' fees and costs and a $2,500 incentive award based upon the parties' agreement. *See* Settlement Agreement §§ 8.1, 9.1 Ex. 1 to R. Ferrell Decl.

As shown below, the requested fee award is justified by the work performed and results obtained by Class Counsel in this case.  It constitutes a multiplier of 1.24, and is more than reasonable given the complex nature of this litigation, the time and resources expended by Class Counsel, and the relief afforded by the Settlement Agreement. The requested costs are part of the total sum of Class Counsel's recovery and were reasonably incurred in the ordinary course of prosecuting this case. Finally, the requested incentive award is routinely approved by federal courts in class action lawsuits and rewards Plaintiff for her time and service to the class. As detailed herein,

Plaintiff's request for attorneys' fees, costs, and incentive award comports with the relevant law and is justified by the facts of this case.

## II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff originally filed this class action lawsuit in the Superior Court for the County of San Bernardino.  Hi-Tech removed the case to this Court on January 15, 2013.  Dkt. 1.  The crux of Plaintiff's complaint was that Hi-Tech falsely advertised its homeopathic drug Nasal Ease as able to relieve allergy symptoms, including "sneezing", "runny nose", and "sinus congestion."  Compl. ¶ 1.  Plaintiff alleged that Hi-Tech's claims of efficacy for Nasal Ease were false and misleading because the indications for use claims are based upon homeopathic practice and contrary to scientific evidence.  *Id.* ¶¶ 1; 11-17.

On April 15, 2013, after a number of negotiation sessions, Plaintiff and Defendant ("the Parties") began to formulate the skeleton of certain portions of an envisioned settlement to this action, and as such, jointly stipulated to stay the case in order to further explore and potentially craft a settlement.  Dkt. 8.  The Court granted the Parties' stipulation and stayed the case pending the outcome of further settlement negotiations.  Dkt. 9.  On June 14, 2013, after numerous further settlement negotiations, the Parties reached a settlement in principle and filed a Notice of Settlement.  Dkt 10.  As part of the settlement in principle and pursuant to California Consumers Legal Remedies Act, Civil Code § 1782(d), Plaintiff agreed to and did amend her Complaint.  Dkt. 11.   The FAC expanded the class definition to include not only California consumers who purchased Nasal Ease within the Class Period, but consumers nationwide who purchased Nasal Ease within the Class Period. FAC ¶ 18; Dkt. 11.  With a settlement in principle, the Parties then worked extensively on and produced the finalized Settlement Agreement and Notice Plan.  Exhibit 1 to R. Ferrell Decl.  In addition to the refunds to Class Members described above and in further detail herein, the Settlement Agreement provides that Plaintiff may make an application to the Court for an incentive award of up to $2,500 for her service as the class representative and

attorneys' fees and costs not to exceed $250,000. Settlement Agreement, § 9.1. These amounts were agreed to and negotiated only after the parties reached a final agreement on the substantive relief to the Class. R. Ferrell Decl. ¶ 20.

Plaintiff was prepared to file her motion for class certification, including expert declarations, on April 15, 2013, pursuant to Local Rule 23-3. R. Ferrell Decl. ¶ 8. Prior to April 15, 2013, the Parties had already exchanged mutually agreeable dates for the depositions of Plaintiff and Plaintiff's experts. R. Ferrell Decl. ¶ 17. Aside from the proposed depositions, Plaintiff's counsel had prepared extensive written discovery that it also postponed serving while exploring a potential class settlement. R. Ferrell Decl. ¶ 1.

Plaintiff moved for preliminary approval of the Settlement Agreement on August 23, 2013. (Dkt. 14.) This Court held a preliminary approval hearing on September 23, 2013 and indicated that it was inclined to preliminarily approve the Settlement Agreement with a slight modification to the proposed dates. On September 27, 2013, the Court granted Plaintiff's Motion for Preliminary Approval and set a schedule to effectuate final approval of the settlement. (Dkt. 17.) Pursuant to that Order, Plaintiff now brings her Motion for Attorneys' Fees, Costs, and Incentive Award.

**III.   CLASS COUNSEL'S LODESTAR IS REASONABLE AND JUSTIFIED AND SHOULD BE APPROVED BY THE COURT**

   **A.   California Law Controls Plaintiff's Fee Request**

"Federal courts are required to apply state law in diversity actions with regard to the allowance or disallowance of attorney fees." *Bank of America v. Micheletti Family Partnership*, No. C 08–2902 JSW, 2009 WL 1110830, at *2 (N.D. Cal. Feb. 26, 2009) (quoting *Michael–Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975)); *Vizcaino v. Microsoft*, 290 F.3d 1043, 1047 (9th Cir. 2002). A federal court sitting in diversity applies the law of the forum state with respect to attorneys' fee awards. *See, e.g., Kona Enter., Inc. v. Estate of Bernice Pauahi Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Plaintiff brought this class action lawsuit in California pursuant to California

1  law, and California law therefore governs Plaintiff's request for attorneys' fees.

2  **B.** **California Law Requires the Court to Apply the Lodestar Method to**
3  **Calculate Plaintiff's Reasonable Attorneys' Fees**

4  Under California law, Courts utilize the lodestar method in awarding attorneys'
5  fees in non-common fund settlements. *Serrano v. Priest*, 20 Cal.3d 25, 34 (1977)
6  ("*Serrano III*"); *Dunk v. Ford Motor Co.,* 48 Cal.App.4th 1794, 1809-11 (1996)
7  (rejecting the use of the common fund approach in a non-common fund settlement); *In*
8  *re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011)
9  ("*Bluetooth*"). Under the lodestar method, Class Counsel's lodestar serves as the
10  "touchstone" for the fee award. *See Vo v. Las Virgines Mun. Water Dist.*, 79
11  Cal.App.4th 440, 445-46 (2000). The court may then adjust the lodestar amount based
12  on a number of factors, including: "(1) the novelty and difficulty of the questions
13  involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of
14  the litigation precluded other employment by the attorneys, [and] (4) the contingent
15  nature of the fee award." *Ketchum v. Moses,* 24 Cal.4th 1122, 1132 (2001). Other
16  relevant factors include "the time limitations imposed by the litigation, the amount at
17  stake, and the result obtained by counsel." *City of Oakland v. Oakland Raiders*, 203
18  Cal.App.3d 78, 83 (1988); *Bluetooth*, 654 F.3d at 942.

19  As detailed below, Class Counsel's request for attorneys' fees and costs is 1.24
20  of their reasonable and compensable lodestar of $196,552.50. Class Counsel's request
21  is made pursuant to the agreement of the parties.  It should be noted that the Parties did
22  not negotiate attorneys' fees until after reaching agreement on the substantive relief to
23  the Class.  R. Ferrell Decl. ¶ 20.  The request is supported by the novelty and difficulty
24  of this litigation, Class Counsel's experience in handling the difficult issues presented,
25  the significant contingent risks in this case, and the quality of the result achieved for the
26  class.

27

28

**C.    Class Counsel Incurred a Reasonable Lodestar in Order to Successfully Prosecute This Case on Behalf of the Class Members**

The first step employed in awarding fees under the lodestar method is to calculate the lodestar amount, which is the number of hours reasonably performed at a reasonable hourly rate. *Vo*, 79 Cal.App.4th at 440. Class Counsel's lodestar can be calculated in one of two ways: "(1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

As of the date of this filing, Class Counsel spent a total of 373.1 hours working on this case, and incurred a lodestar of $196,552.5 based on its historical hourly rates.

The specific work performed, hours, and lodestar is set forth in the concurrently filed declaration of Class Counsel. *See* R. Ferrell Decl. ¶¶ 30-32.  Class Counsel will spend additional time responding to Class Member objections, preparing and filing a statement affirming that the Notice Plan was fully implemented and updated the Court as to the statistics fo the claims and exclusions, and preparing for and attending the Fairness Hearing on March 24, 2014. *See* R. Ferrell Decl. ¶ 32. For the reasons detailed below, Class Counsel's lodestar was reasonably and necessarily incurred in order to secure a successful result on behalf of the class members.

**1.    Class Counsel's Lodestar Is Reasonable and Compensable**

"Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render the award unjust." *Vo*, 79 Cal.App.4th at 446; *see also Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1175 (1998) ("an attorney who takes on [a complex] case can anticipate receiving full compensation for every hour spent litigating a claim against even the most polemic opponent"); *Ketchum,* 24 Cal.4th at 1132. Compensable activities under the lodestar method include both pre-litigation activities (such as interviewing the client, investigating the facts, researching the law, and preparing the initial pleading) and

litigation activities (such as conducting discovery, conferring with clients, drafting pleadings, making court appearances, travel time, and settlement negotiations). *See Webb v. Board of Edu.*, 471 U.S. 234, 243 (1985); *Stokus v. Marsh*, 217 Cal.App.3d 647, 655-56 (1990). A review of billing records is not necessary for awarding attorneys' fees under the lodestar method. *In re Sutter Health Uninsured Pricing Cases*, 171 Cal.App.4th 495, 511-12 (2009) ("We see no reason why [the court] could not accept the declarations of counsel attesting to the hours worked, particularly as he was in the best position to verify those claims by reference to the various proceedings in the case."); *Wershba v. Apple Computer, Inc.,* 91 Cal.App.4th 224, 254-55 (2001) (allowing fee awards in the absence of detailed time sheets).

Here, Class Counsel has supported and provided the evidentiary basis for its lodestar in the comprehensive declaration of Ryan M. Ferrell. This declaration details the amount of work that was necessary in order to secure a successful result on behalf of the class members in this litigation, including: (1) pre-litigation research and investigation; (2) researching, drafting, and preparing Plaintiff's Motion for Class Certification; (3) preparing extensive discovery, (4) settlement-related activities, including preparing for and holding multiple settlement conferences and (5) obtaining Court approval of the Settlement Agreement. *See* R. Ferrell Decl. ¶¶ 1-32.

Newport Trial Group ("NTG") spent considerable time researching and investigating this case before filing Plaintiff's Complaint. R. Ferrell Decl. ¶¶ 3-4. Within a matter of *three months* following Hi-TEch's removal of the Complaint, NTG worked tirelessly in preparing Plaintiff's Motion for Class Certification, which it was prepared to file on April 15, 2013. R. Ferrell Decl. ¶¶ 7-16.   Further, NTG spent considerable time preparing extensive written discovery and the Parties had exchanged dates for the deposition of Plaintiff and Plaintiff's experts.  R. Ferrell Decl. ¶¶ 1, 17

Class Counsel also designed and implemented a multifaceted notice plan that provides class members with notice of the settlement via print and internet publication. Class Counsel will continue to vigilantly represent the class in order to secure final

approval of the Settlement Agreement. Each hour expended by Class Counsel in this case has ultimately benefitted the class members, and Class Counsel's lodestar amount is reasonable and compensable.

### 2.      Class Counsel's Hourly Rates Are Reasonable

The test for the reasonableness of an attorney's hourly rate is based on "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210-11 (9th Cir. 1986). In performing this analysis, courts look to the experience and reputation of class counsel, the complexity of the issues involved, the geographic market in which the case is litigated, and other factors affecting the litigation. *See, e.g., City of Oakland*, 203 Cal.App.3d 78, w82 (1998) (affirming a trial court's approval of an hourly rate that falls in line with the rates charged by "top law firms in the Bay Area"); *Children's Hosp. & Med. Ctr. v. Bunt*, 97 Cal.App.4th 740, 783 (2002) (approving hourly rates that were "within the range of reasonable rates charged by and judicially awarded comparable attorneys for comparable work").

The attorney declarations and supporting exhibits filed herein establish the basis and calculation for the hourly rates of the attorneys and paralegals who worked on this case. NTG has significant experience handling class actions and complex litigation. *See* Declaration of Scott J. Ferrell ("S. Ferrell Decl.") ¶¶ 2-9.  The area of homeopathic drug litigation is in its relative infancy and NTG is the leading law firm in the area.  R. Ferrell Decl. ¶¶ 49-56.  In fact, NTG is the only law firm to achieve class certification in class actions involving the efficacy of homeopathic drugs that have proceeded past contested class certification.  R. Ferrell Decl. ¶ 25.  NTG has brought and litigated the only six cases involving the efficacy of homeopathic drugs that have proceeded past contested class certification and all six have been granted class certification. *See Sandoval v. Hylands, Inc.,* Case No. CIVDS 1201442   (San Bernardino Superior Court); *Acuna v. Hylands, Inc.*, Case No.  CIVDS 1110816 (San Bernardino Superior Court); *Delarosa v. Boiron*, Case No. 10-cv-1569-CBO (CWx) (C.D. Cal. 2010); *Neal*

*v, Naturalcare, Inc.*, Case No. 12-cv-531-DOC(OPx) (C.D. Cal. 2012); *Penich v. Historical Remedies, LP,* Case No. LC 096608 (Los Angeles Superior Court); and *Rosendes v. Green Pharmaceuticals,* CIVDS 1108022 (San Bernardino Superior Court). Plaintiff's counsel litigated and is lead counsel in all six of the preceding certified class actions. R. Ferrell Decl. ¶ 24. While other litigation involving the efficacy of homeopathic drugs has been brought and is currently pending, no case involving the efficacy of a homeopathic drug has been certified in contested class certification other than the previously mentioned six cases. *Id.*

This experience was invaluable in successfully adjudicating this case, achieving the result, and supports the hourly rates charged by Class Counsel. Class Counsel billed this case at their usual and customary hourly billing rates. R. Ferrell Decl. ¶ 30. Accordingly, Class Counsel has established that their lodestar is reasonable and justified.

## IV. THE ATTORNEYS' FEES REQUESTED ARE REASONABLE

As stated above, once the Court calculates the lodestar, it can adjust it based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal.4th at 1132. Other relevant factors include "the time limitations imposed by the litigation, the amount at stake, and the result obtained by counsel." *Oakland*, 203 Cal.App.3d at 83; *Bluetooth*, 654 F.3d at 942. There is no rigid formula, and each factor should be considered only where appropriate. *See Serrano III*, 20 Cal.3d at 49; *The People ex rel. Dep't. of Transp. v. Yuki*, 31 Cal.App.4th 1754, 1771 (1995).

Here, the above factors undoubtedly support an attorneys' fee award utilizing a multiplier of more than the 1.24 requested by Class Counsel. However, in an effort to obtain the results negotiated prior to negotiating attorneys' fees, Class Counsel agreed to seek an upper limit on attorneys' fees and costs of $250,000. Settlement Agreement §

9.1.   Plaintiff is seeking an attorneys' fee award of $243,305.20, which represents a 1.24 multiplier of Class Counsel's $196,552.50 lodestar. As shown below, the requested fee award is more than justified by Class Counsel's skillful handling of the novel and difficult issues in this case and the results achieved.

## A.     The Fee Requested Is Supported by the Complexity of This Case

This class action lawsuit challenged on-label claims of efficacy by Hi-Tech for its homeopathic, over-the-counter drug, Nasal Ease. Much of Plaintiff's prepared motion for class certification in this case focused on novel issues relating to the federal government's regulation of homeopathic drugs and whether Hi-Tech's efficacy claims were covered by the FDCA. Plaintiff expected Defendant to raise these complex and novel issues relating to federal preemption of homeopathic drugs; challenges that rarely arise in consumer misrepresentation class actions, but for which, Class Counsel was fully prepared and singularly situated to handle having already overcome such challenges and established the application of the law in previous homeopathic litigation. *See Delarosa v. Boiron, Inc.*, 818 F.Supp.2d 1177 (C.D. Cal. 2011). Class Counsel also obtained class certification in another published opinion in that case. *See Delarosa v. Boiron, Inc.*, 275 F.R.D. 582 (C.D. Cal. 2011).

In order to prevail on the majority of her claims, Plaintiff would have had to demonstrate that Hi-Tech's advertising of Nasal Ease was likely to mislead a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Plaintiff was prepared to argue that Hi-Tech's advertising of Nasal Ease was likely to mislead a reasonable consumer because it promised relief from allergy symptoms but did not provide such relief. The basis for Plaintiff's argument was that the preparation and dilution of Nasal Ease was contrary to accepted scientific principles and had never been shown to be an effective treatment.  These arguments placed a premium on expert analysis, and Plaintiff had retained experts to opine on the utility of homeopathy and Nasal Ease in particular.

**B.     Class Counsel Handled the Difficult Issues Presented in This Litigation with Tremendous Skill and Expertise**

Certification of the class in aforementioned *Delarosa* case was especially noteworthy, since it was the *first certified class against a homeopathic drug company in the United States*. R. Ferrell Decl. ¶ 25 (emphasis added).  NTG's expert handling of the difficult issues presented in the *Delarosa* litigation singularly placed NTG in position to put pressure on Hi-Tech in this litigation and allowed NTG to gain the significant settlement that provides substantial relief to the class members in this case.

**C.     The Attorneys' Fee Award Is Reasonable in Light of the Contingent Risks in This Case**

The contingent risk of receiving little or no recovery is also a major factor in considering an award of attorneys' fees. *See, e.g., In re Warner Comm's Sec. Litig.*, 618 F.Supp. 735, 747-49 (S.D.N.Y. 1985); *Ketchum,* 24 Cal.4th at 1128, 1132 ("A contingent fee contract, since it involves a gamble on the result, may properly provide for a larger compensation than would otherwise be reasonable.").

Although contingent risks exist in every class action, these risks were especially prevalent in this case. This lawsuit was not ripped from the headlines, it did not piggyback on a government investigation, and it had no guarantee of success. Rather, Class Counsel took on the unique challenge of attempting to prove that the broadly utilized and widely distributed homeopathic drug sold by Hi-Tech was ineffective and misleading. From the inception, Hi-Tech maintained that its efficacy claims for Nasal Ease were not false or misleading.  In order to overcome this resistance, Class Counsel had to assume the risk of failure without any guaranty of success or reimbursement. Class Counsel's willingness to take on these significant contingent risks made the settlement possible and supports Plaintiff's request for attorneys' fees.

**D.     The Fee Requested Is Justified by the Results Obtained by Class Counsel**

Courts employing the lodestar method can also consider the results obtained in

determining the appropriate attorneys' fee award. *See Bluetooth*, 654 F.3d at 942. In a non-common fund settlement, this analysis is not predicated on paying Class Counsel a percentage of the amount of benefits ultimately claimed by the class members. *Lealao v. Beneficial California, Inc.* 82 Cal.App.4th 19, 26 (2000) ("[W]here plaintiffs' efforts have not effected the creation or preservation of an identifiable 'fund' of money out of which they seek to recover their attorney fees, the 'common fund' exception is inapplicable."). Rather, the appropriate measure of analysis of the results obtained should take into account the quality of the benefits obtained and the degree of success by the plaintiff in the litigation. *See Bluetooth*, 654 F.3d at 942; *Krumme v. Mercury Ins. Co.*, 123 Cal.App.4th 924, 947 (2004) (awarding a 1.5 multiplier in an action where plaintiff obtained only monetary relief and failed to obtain restitutionary recovery).

An analysis of the results achieved strongly favors granting Plaintiff's requested attorneys' fee award. The Settlement Agreement provides comprehensive relief in the form of monetary and monetary relief. First, with respect to monetary relief, the Settlement Agreement allows all class members who submit a valid claim to receive a refund in one of two amounts based upon the class member's level of proof for purchasing Nasal Ease. Class members with a receipt will receive a full refund of their purchase price without any cap on their recovery and those with no proof of purchase but who swear or affirm that they purchased Nasal Ease during the Class Period will receive $5.00 per purchase, with a cap of $15.00 per household. Settlement Agreement § 4.2.3.

Second, with respect to monetary relief, the Settlement Agreement also provides monetary relief to the Class by requiring Hi-Tech to make changes to the Nasal Ease label. Hi-Tech will place a new Disclaimer on the Nasal Ease label, which will read: "These statements are based on traditional principles of homeopathy." *Id.* § 4.1.2. This disclaimer is important because the entirety of Plaintiff's allegations is premised on the idea that Hi-Tech misled consumers because Nasal Ease's indications for use are not based on scientific evidence, but instead on traditional principles of homeopathy.

Compl. ¶¶ 1; 11-17.  The disclaimer will appear on the outer package panel of Nasal Ease in a font size no smaller than the smallest font used elsewhere on the package, in a readable color.  Settlement Agreement, § 4.1.2.1.  This is significant accomplishment since the Court in *Delarosa* found that the plaintiff could not seek monetary relief on behalf of herself and the Class.  *Delarosa v. Boiron*, Case No. 10-cv-1569-CBO (CWx), 2012 WL 8716658 at *5 (C.D. Cal., Dec. 28, 2012).

The adequacy of the results achieved and the benefits obtained on behalf of the class further support granting Class Counsel's requested attorneys' fees in this case.

## V.    CLASS COUNSEL SHOULD BE REIMBURSED THEIR COSTS

In addition to attorneys' fees, attorneys in a class action may be reimbursed for costs incurred "in the ordinary course of prosecuting [a] case." *X-Ray Film Antitrust Litig.*, No. 960886, 1998 WL 1031494, at *11 (Cal. Super. Ct. Oct. 22, 1998) (awarding class counsel $29,051.40 in litigation costs); *In re Businessland Sec. Litig.*, No. 09-CV-20476, 1991 WL 427887, at *3 (N.D. Cal. June 14, 1991) (awarding class counsel $90,574.78 in litigation costs in addition to attorneys' fees). Reasonable reimbursable litigation costs include, but are not limited to, the costs of document production, experts and consultants, depositions, notice, and travel expenses. *See Mills v. Electric Auto-Lite Co.* , 396 U.S. 375, 391-92 (1970) ("To allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.") Here, Class Counsel have incurred $6,694.80 in litigation costs during the ordinary course of this litigation. *See* R. Ferrell Decl. ¶ 33; Exhibit C to R. Ferrell Decl. These expenses include expert and consultant fees, filing related expenses, and travel expenses; have been incurred in the normal course of business; and were essential to the successful prosecution of this class action lawsuit. *See id.* Under the Settlement Agreement—which caps attorneys' fees and costs at $250,000—the costs are simply a portion of Class Counsel's total recovery. Class Counsel respectfully requests the recovery of these litigation costs.

## VI.   THE COURT SHOULD AWARD AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVE

Class representative incentive awards are intended to compensate the named plaintiff for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize her willingness to act as a private attorney general. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Incentive awards are almost always included in class action settlements and, "[i]n general, courts have found that $5,000 incentive payments are reasonable." *Hopson v. Hanesbrands, Inc.*, No. 08–CV– 0844–EDL, 2009 WL 928133, * 10 (N.D. Cal. Apr. 3, 2009) (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)); *In re SmithKline BeckmanCorp.*, 751 F.Supp. 525, 535 (E.D. Pa. 1990); *Alberto v. GMRI, Inc.*, No. 07-CV- 1895, 2008 WL 2561106, *11–13 (E.D. Cal. June 24, 2008)).

Here, Plaintiff is requesting an incentive award of $2,500. This requested award comports with precedent and is justified by the time and effort Plaintiff has dedicated to this case. *See* Declaration of Linda Hoover ¶¶ 2-6. The requested award is further supported by the sacrifice Plaintiff had to make in serving as the class representative, the reputational risk of associating her name with a class action against a major international corporation, and her willingness to act as a private attorney general on behalf of the class. *See id.*

## VII.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an award of attorneys' fees, costs, and incentive award in the amounts set forth above.

Dated:  January 13, 2014

NEWPORT TRIAL GROUP
A Professional Corporation


By: */s/Ryan M. Ferrell*
Ryan M. Ferrell
Attorney for Plaintiff and the Class

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on January 13, 2014, I electronically filed the foregoing

3 **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS,**

4 **AND INCENTIVE AWARD** with the Clerk of the Court using the CM/ECF system

5 which will send notification of such filing via electronic mail to all counsel of record.

6

7      */s/Ryan M. Ferrell*
       Ryan M. Ferrell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28